## CRON VS. KRONES.

Sec. 120, ch 13, R. S., which provides that when the sheriff is a party to an action, the coroner shall serve the process therein, relates only to actions in courts of record.

Where the sheriff is a party to a suit before a justice of the peace, a constable is authorized to serve the process.

Where the return of a justice states that the parties "appeared," this, in the absence of any qualification, must be taken to have been a general appearance, and a waiver of process.

Whatever might be the effect of a failure on the part of a justice to state the *place* to which the trial of a cause is adjourned, a party who *appears* at the time to which such adjournment is made, and applies for a further adjournment, cannot thereafter take advantage of the defect.

APPEAL from the Circuit Court for *Washington* County.

The defendant in this action obtained a judgment against the plaintiff herein before a justice of the peace in said county. The circuit court reversed the decision, for reasons which will sufficiently appear from the opinion of this court, and the defendant appealed.

The following is the record of the second adjournment of the cause by the justice: "September 6th, 1861, 9 o'clock, A. M. Suit called; parties appeared and answered to their names. On motion of the defendant for a second adjournment, this cause is hereby adjourned until the 21st of November, 1861, at 9 o'clock A. M., on the payment by the defendant of the costs of said adjournment immediately as a condition precedent. [Then follows a statement of the fees of plaintiff's witnesses, amounting to $3.37.] Certified copy of the foregoing order made out, and constable Haass ordered to serve the same on the defendant; and the defendant required to pay costs by 1 o'clock P. M. in the court. Court took recess until 1 o'clock P. M.—September 6, 1861, 1 o'clock P. M. Cause called. Constable Haass returned, and paid $3.37, fees of plaintiff's witnesses. Cause was adjourned until November 21st, 1861, at nine o'clock, A. M., to the same office."—

The record shows that on the 21st of November the defendant did not appear.

*Thorp, Shelley & Frisby*, for appellant, as to the alleged defect in the second adjournment, contended that the record being silent as to whether the parties were present when the cause was called at 1 o'clock, P. M., of September 6th, it is to be *presumed* that they were present. *Baum v. Tarpenny*, 3 Hill, 76. The justice had the right to require the party applying for such second adjournment to *pay* the costs of the witnesses of the adverse party forthwith. R. S., ch. 120, secs. 62, 63.

*Frisby & Weil*, for respondent:

1. The service of a summons upon the sheriff by a constable was void. Sec. 120, ch. 13, R. S. 2. If the justice had jurisdiction, he lost it by adjourning on the 6th of September, without specifying the *place*. *Roberts v. Warren*, 3 Wis., 736; *Peck v. Andrews*, 32 Barb., 445. All the proceedings subsequent to the adjournment as first entered in the record, were *coram non judice*, and void, the defendant not appearing after the entry of that adjournment. The justice had no power to make the payment of the costs a condition precedent to the granting of the adjournment, and attaching such a condition after the entry of the adjournment could have no effect whatever.

*By the Court*, PAINE, J. The circuit court, upon a common law *certiorari*, reversed the judgment of a justice of the peace, for the reason, as it would appear from the arguments here, that the defendant was sheriff of the county, and the summons was served on him by a constable. It seems to have been supposed that section 120, chap. 13, R. S., which provides that when the sheriff is a party the coroner shall serve the process, &c., made the service in this case illegal. But it is very evident that this provision of the statute relates only to proceedings in courts of record. And where the sheriff is a party to a suit be-

fore a justice, a constable is clearly authorized to serve the process.

But it appears from the return of the justice, that the parties "appeared," which, in the absence of any qualification, must be held a general appearance, and this is a waiver of any defect in the service, if there had been any.

The objection is further made that the justice lost jurisdiction by failing to state the time and place to which the cause was adjourned from the 6th of September. The return shows that both time and place were stated at that adjournment; so that the record fails to sustain the objection.

True, it appears that on the first adjournment, to September 6th, the place was not stated. But whatever effect this might have had, if the defendant had not appeared, yet as he did appear on that day, and applied for a further adjournment, the defect was waived, and the judgment ought not to have been reversed.

The judgment of the circuit court is reversed, with costs, and that of the justice affirmed.