Fulton vs. The State ex rel. Meiners.

FULTON, Assignee, Plaintiff in error, vs. THE STATE EX REL. MEINERS, Defendant in error.

SAME, Plaintiff in error, vs. THE STATE EX REL. FISHER, Defendant in error.

SAME, Plaintiff in error, vs. THE STATE EX REL. ALBRECHT, Defendant in error.

SAME, Plaintiff in error, vs. THE STATE EX REL. NABOR, Defendant in error.

SAME, Plaintiff in error, vs. THE STATE EX REL. RUEDEBUSCH, Defendant in error.

SAME, Plaintiff in error, vs. THE STATE EX REL. LAWRENCE, Defendant in error.

SAME, Plaintiff in error, vs. THE STATE EX REL. REIBLE, Defendant in error.

SAME, Plaintiff in error, vs. THE STATE EX REL. ZILLISCH, Defendant in error.

SAME, Plaintiff in error, vs. THE STATE EX REL. LUEDKE, Defendant in error.

SAME, Plaintiff in error, vs. THE STATE EX REL. SPIERING, Defendant in error.

SAME, Plaintiff in error, vs. THE STATE EX REL. ENGEL, Defendant in error.

SAME, Plaintiff in error, vs. THE STATE EX REL. KLOEDEN, Defendant in error.

*April 25 — May 16, 1899.*

*Justices' courts: Jurisdiction: Certiorari: Docket entries: Adjournments: Appearance of parties: Waiver: Signing judgment: Presumption: Dating judgment.*

1. Where a justice of the peace fails to note in his docket the place to which an action is adjourned, he loses jurisdiction and his judgment is void, but a subsequent general appearance and adjournment by mutual consent waives such defects prior to that time.

2. The entry in the docket "parties appeared," in the absence of any qualifications, is a general appearance, and on the return of the

Fulton vs. The State ex rel. Meiners.

justice to a writ of *certiorari* is conclusive, and cannot be contradicted or impeached by extrinsic evidence or by statements of the justice.

3. On a common-law *certiorari* the court will only review proceedings of a justice of the peace so far as they relate to jurisdictional questions shown by the pleadings and docket entries, and will not consider questions of law arising on such entries or any questions which involve inquiry into evidence; hence if a justice adjourn the case, or enter judgment contrary to the stipulation of parties, it is an error of law that cannot be reached by *certiorari.*

4. The general rule is that every reasonable presumption should be indulged to uphold the jurisdiction and proceedings of a justice; hence, in the absence of a positive statute, the failure of a justice to sign his name to the judgment entered on his docket does not render such judgment void.

5. Where the docket entries of a justice show the appearance of the parties and the calling of the case on the day and hour to which it was adjourned, the proceedings on the trial in regular order, and a statement that the defendant offered no testimony, followed by the judgment written out in full, but with no date noted in the margin or in the body of the docket to show when the judgment was in fact rendered, it will be presumed that the judgment followed in the regular order of procedure on the day the case was called.

6. The failure of a justice in entering an adjournment to state the year will not deprive him of jurisdiction. The current year will be understood to have been intended.

WRITS OF ERROR to review judgments of the county court of Dodge county: J. A. BARNEY, Judge. *Reversed.*

Twelve cases commenced by the plaintiff in error before a justice of the peace of Dodge county, all depending upon the same state of facts, except as hereinafter noted. By stipulation the cases were all heard upon the case and briefs filed in the action first above entitled. Summonses were issued in each of said actions October 9, 1897, returnable before the justice on October 22d. Each of the defendants appeared, and the cases were adjourned by consent until October 29th. At that date a demurrer to the complaint was argued and overruled, and the cases were adjourned to November 11th.

The entry in the docket of the justice is as follows: "Case adjourned until November 11th at 10 a. m." At that date the justice's return shows the following entry in his docket: "By mutual consent, cases adjourned until January 11th, 1898, at 10 a. m." Thereafter successive adjournments of the cases were had from time to time until April 23d, at which date judgments were entered in each case for the plaintiff. At each of the adjournments last referred to, the justice's docket shows that the parties were present in court, and that the adjournments were had by "mutual consent." On April 23d the docket shows that the defendants made a special appearance, but does not show for what purpose. After the entry of the judgment as stated, the defendants in each case sued out a writ of *certiorari* to the justice, and the cases were removed to the county court of Dodge county. Upon a hearing in that court, judgments were entered reversing the judgments of the justice. The plaintiff thereupon brought the cases to this court for review upon writ of error. In nine of the cases it was made to appear that the justice had not signed his name in the docket at the foot of the judgment at the time the writ of *certiorari* was served.

For the plaintiff in error there was a brief by *Quarles, Spence & Quarles,* and oral argument by *George Lines.*

For the defendants in error there was a brief by *Lawrence & Keeley,* and oral argument by *F. M. Lawrence.*

BARDEEN, J. The justice is said to have lost jurisdiction because he adjourned the cases and failed to note the place to which they were adjourned in his docket. This is undoubtedly true as to the adjournment had on November 11th, and, unless he regained jurisdiction, the judgments are void. *Crandall v. Bacon,* 20 Wis. 639. The return of the justice shows that at the adjourn day (January 11th) the parties appeared, and the cases were adjourned by consent to a later date. This is true of each successive adjournment

up to the date of rendition of judgment. The entry in the docket, "parties appeared," in absence of any qualification, is a general appearance, and waives any defect in jurisdiction prior to that time. *Cron v. Krones*, 17 Wis. 401. The return of the justice to the writs of *certiorari* upon this point is conclusive. The entries of the justice in his docket import verity, and they cannot be contradicted or impeached by extrinsic evidence or by statements of the justice. *Cassidy v. Millerick*, 52 Wis. 379; *Smith v. Bahr*, 62 Wis. 244; *State ex rel. Green v. Van Ells*, 69 Wis. 19; *State ex rel. Cameron v. Roberts*, 87 Wis. 292. The docket entries in each of the cases show that there was a general appearance by the defendants at the date subsequent to the time when the justice lost jurisdiction, and that each adjournment was had by "mutual consent." Such being the fact, there was no lack of jurisdiction to render judgment on the day of final adjournment.

It is said, however, that there was a stipulation that one case was to be tried, and that the others were to abide the event of that suit; and it is argued that the adjournments and entry of judgment were contrary to that stipulation, and therefore illegal and void. If the justice adjourned the cases and entered judgment contrary to the stipulations, it was an error of law, and cannot be reached in this proceeding. Upon a common-law *certiorari* the court will only review the proceedings and judgment of the justice so far as they relate to jurisdictional questions shown by the pleadings and docket entries, and will not consider questions of law arising upon such entries, or any question which involves an inquiry into the evidence. *Callon v. Sternberg*, 38 Wis. 539, and cases cited.

There is, however, another and more serious question to be considered. In nine of the cases the return shows that at the time the writs of *certiorari* were served the justice had not signed his name to the judgments in his docket. The

judgments had been fully entered and costs taxed. It is urged that the omission of the justice to sign the docket worked a loss of jurisdiction, and rendered the judgments void. Sec. 3574, R. S. 1878, specifies the entries which a justice is required to make in his docket. Subd. 10 says he shall enter "the judgment rendered by the justice and the time of rendering the same, and the amount of the debt, damages, costs and fees due to each person separately." All of these requirements were complied with by the justice. Neither in sec. 3574, nor in any other statute of which we are aware, is there any requirement that the justice shall sign any of the entries in his docket. It certainly is better practice for the justice to so authenticate his docket, but, unless there is some positive statute making such signature necessary, the failure to do so will not work a loss of jurisdiction. The general rule is that every reasonable presumption should be indulged to uphold the jurisdiction and proceedings of the justice. *Bacon v. Bassett*, 19 Wis. 45; *Baizer v. Lasch*, 28 Wis. 268; *Healy v. Kneeland*, 48 Wis. 497; *Storm v. Adams*, 56 Wis. 137; *Driscoll v. Smith*, 59 Wis. 38.

The *rendition* and *entry* of judgments are the important things. When the proper judgment has been pronounced, and the proper entries made in the docket, every requirement of the statute has been met. In *Storm v. Adams*, cited above, the point was made that a judgment of the justice under which one of the parties claimed was a nullity because not signed. The claim is not mentioned in the opinion, and seems to have been dismissed with other objections held to be irregularities not affecting the jurisdiction of the court. In the early days of this state there was a statute in force which required the judge of the circuit court to sign the record at the end of each day's proceedings. In *Eastman v. Harteau*, 12 Wis. 267, on the trial at the circuit the clerk's unsigned record was introduced in evidence to prove the existence of a judgment, against ob-

jection.   This court held the record sufficient, and that the requirement of the statute was directory.   In *Baker v. Baker*, 51 Wis. 538, an unsigned and unrecorded order of the county court was held valid.   A case more directly in point has been decided in Minnesota under a statute almost identical with ours.   In *State v. Bliss*, 21 Minn. 458, the court said: " It is objected that the judgment of the justice was not signed by him.   The statute provides that the justice shall enter the judgment in his docket, but it is not provided that the entry shall be signed by him.   We think the judgment, when entered, is good without signing.   It is very proper for a justice to sign a judgment entered by him in order to facilitate the proof of the judgment, but it is not essential to its validity, as its authenticity may be shown by proof that the book in which it is entered is the docket of the justice."   To the same effect is *Gunn v. Tackett*, 67 Ga. 725.   See Vanfleet, Collateral Attack, § 690; Freeman, Judgments, § 38; *Crim v. Kessing*, 89 Cal. 478.

A further point is made that the docket entries do not show the *time* when the judgments were entered.   This is hypercritical.   The returns show that the cases were called on April 23d at 10 a. m., the day and hour to which the cases were adjourned; that plaintiff was present; that the court waited one hour, when the defendants appeared specially.   Then follow the proceedings upon the trial in regular order, the filing of papers, the swearing of witnesses, and a statement that defendants offered no testimony, " whereupon it is adjudged," etc.; the judgment being written out in full.   No date was noted on the margin or in the body of the docket as to the time such judgment was in fact rendered, but sufficient appears to show that it followed in consecutive order after hearing of proof, and upon the same day the case was called.   It would be going beyond the limit of strictness to say that these judgments are void, under these circumstances.   It is perfectly apparent that the pro-

·ceedings were consecutive from the calling of the case to the entry of judgment. The date when the cases were called being stated, it will be presumed that judgment followed in the regular order of procedure on that date. The failure of the justice to give the year, after stating the day of the month, is of no importance. Earlier in the docket it appears that the year was 1898, and successive adjournments were had, during several months, to the date mentioned. This objection is sufficiently covered by *Stromberg v. Esterly*, 62 Wis. 632, where it is held that the failure of the justice, in entering an adjournment, to state the year, would not deprive him of jurisdiction, for the current year would be understood as having been intended.

These observations are sufficient to show that the judgments rendered by the justice were valid and binding, and that the county court was in error in entering judgments of reversal.

*By the Court.*— The judgment of the county court in each of these cases is reversed, and they are each remanded, with directions to enter judgments therein affirming the judgment of the justice.

As to what entry or record is necessary to complete a judgment or order there is an extensive note to *In re Weber* (4 N. Dak. 119), in 28 L. R. A. 621.— REP.