GRISWOLD, Appellant, vs. NICHOLS, Respondent.

*September 5 — September 24, 1901.*

*Justices' courts: Replevin: Sheriff a party: Service by coroner: Jurisdiction: Voluntary appearance.*

1. Under sec. 4972, Stats. 1898 (providing that if the provisions of different chapters conflict those of each chapter shall prevail as to all matters and questions growing out of the subject matter of such chapter), the provision of sec. 3737, in the chapter relating to replevin in justice's court, that where the sheriff is a party the warrant and all process in the cause shall be awarded to and executed by a constable, must prevail over more general provisions in other chapters requiring the coroner to serve process and perform all the duties of sheriff when the latter is a party; and, the provision being mandatory, the justice acquires no jurisdiction in a replevin action from service of process by the coroner.

2. Issuance of the warrant to, and execution of it by, the coroner in such a case merely defeats the jurisdiction of the person; and the defect is waived by the voluntary appearance of the defendant.

APPEAL from an order of the circuit court for Sauk county: R. G. SIEBECKER, Circuit Judge.   *Reversed.*

Action of replevin in justice's court against the sheriff. The warrant was issued, delivered to, and executed by the coroner, who seized the property, and served upon the defendant.   The latter appeared specially in the justice's court, and moved to dismiss for want of jurisdiction, upon the over-

ruling of which motion he appeared generally, demanded security for costs, answered, and participated in the trial. From judgment in plaintiff's favor defendant appealed to circuit court, where he renewed his motion to dismiss for want of jurisdiction, which was granted and order of dismissal entered, from which plaintiff appeals.

The cause was submitted for the appellant on the brief of *Daniel Ruggles,* and for the respondent on that of *F. R. Bentley.*

To the point that the justice was without jurisdiction, counsel for the respondent cited *Steen v. Norton,* 45 Wis. 412, 416, 417, 419; *Detroit S. Co. v. Kelly,* 78 Wis. 134; *Sheridan v. Ireland,* 66 Me. 138; *Martin v. Darling,* 78 Me. 78; *Bell v. Olmsted,* 18 Wis. 71; *Union M. F. Ins. Co. v. Page,* 61 Mich. 72; *Rasch v. Moore,* 57 Mich. 54; *Maguire v. Bolan,* 94 Wis. 52; *Morrison v. Fake,* 1 Pin. 133; *Slaughter v. Bevans,* 1 Pin. 348; *Appeal of Royston,* 53 Wis. 612.

DODGE, J. Two questions are presented upon this appeal: First. Can warrant in replevin in justice's court be awarded to and executed by the coroner when the sheriff is a party? Second. If not, can defendant effectively waive objection thereto, and confer jurisdiction?

1. Sec. 737, Stats. 1898, relating to the duties of county officers, provides that the "coroner shall serve and execute process of every kind . . . when the sheriff shall be a party to the action." Sec. 2826, in title XXV, "Proceedings in Civil Actions in Courts of Record," provides that the coroner shall be bound to perform all services by that section imposed on the sheriff, as he is already bound to execute process when the sheriff is a party. Sec. 3737, in the chapter relating to replevin before justices of the peace, provides:

"Whenever such action shall be brought by or against the sheriff of any county the warrant and all process in the

cause shall be awarded to and executed by any constable of the county."

Of these statutes we can have no doubt that the last must control the situation now before us, in deference to the provision of sec. 4972, that, "If the provisions of different chapters of these statutes conflict with or contravene each other the provisions of each chapter shall prevail as to all matters and questions growing out of the subject matter of such chapter." This statute but states a well-established rule of construction, long recognized by the courts. Under it, clearly, sec. 3737, in the chapter relating to replevin in justice's court, must prevail over the more general ones in that kind of action. *Cron v. Krones*, 17 Wis. 401. That section is mandatory in form, not merely permissive. It commands that the process *shall* be awarded to and executed by a constable. That statute not being complied with in the present case, clearly the justice's court acquired from its issue and service no jurisdiction of the case.

2. But it is contended that such want of jurisdiction was conferred by the voluntary act of defendant in appearing, answering, and demanding security for costs. Doubtless, such acts sufficed to waive the defect, if that was in the defendant's power. *Lowe v. Stringham*, 14 Wis. 222. That depends upon whether the irregularity in the form and service of the warrant defeats the jurisdiction of the justice over the subject matter, or merely over the person of the defendant. It is well settled that the former class of defects cannot be cured, and may be availed of at any time (*Detroit S. Co. v. Kelly*, 78 Wis. 134); while the latter — those which go only to jurisdiction over the person — are subject to waiver by the party (*Bell v. Olmsted*, 18 Wis. 69; *Gilbert-Arnold L. Co. v. O'Hare*, 93 Wis. 194).

Respondent cites to us numerous cases in Wisconsin in which the jurisdiction, especially of justices of the peace in actions proceeding substantially *in rem*, such as attachment,

garnishment, and replevin, has been held not aroused by rea-
son of failure to comply with certain statutory prerequisites.
*Steen v. Norton*, 45 Wis. 412; *Detroit S. Co. v. Kelly, supra.*
An examination of these cases discloses that the failure to
comply with statutory requirements in each case was in the
affidavit required to be filed before process issued, and such
failure, at least in inferior courts, was held to defeat juris-
diction over the subject matter and be incapable of waiver
or cure. It is argued that the issue and due execution of
prescribed process is just as obviously a statutory condition
of the magistrate's jurisdiction over the subject matter, and
some authorities from text-books and other states are cited
to this proposition, which certainly is supported by much
reason; but we find the other view quite firmly established
by earlier decisions of this court. Thus, in *Lowe v. String-
ham, supra*, which was replevin before a justice, the warrant
failed to comply with the statutory requirement as to the
length of time before it was returnable, but it was held that
the defect was cured by the conduct of the defendant in en-
tering his appearance, pleading, and going to trial; thus,
while the distinction was not drawn in words, holding by
the clearest implication that the defect affected only the
jurisdiction over the person. Again, in *Krueger v. Pierce*,
37 Wis. 269, also replevin in justice's court, where the goods
were in the custody of a deputy sheriff, the warrant was
issued to and executed by the sheriff. This was held to
conflict with the statute, but to be cured by voluntary ap-
pearance of the defendant. The court says, "At most, the
service by the sheriff upon the deputy was only an irregu-
larity which might be waived, and which we think was fully
waived, by the defendant. The defect in the service is not
a matter which went to the jurisdiction of the court over
the cause of action, but only to its jurisdiction over the per-
son."

In the light of so direct authority, standing for so many

years without criticism, we cannot feel justified in departing from the construction and force then ascribed by this court to the statute under consideration. In deference thereto, we must hold that the erroneous issue and execution of the warrant in this case could be and was cured by the voluntary acts of the defendant, and the lacking jurisdiction over his person thereby conferred. The action should not have been dismissed.

*By the Court.*— The order appealed from is reversed, and the cause remanded for further proceedings according to law.