CRATE, Respondent, vs. PETTEPHER, Appellant.

*November 6 — November 29, 1901.*

*Justices' courts: Appeal: Supplemental return, when considered: Discretion: Laches: Jurisdiction, how made to appear.*

1. Whether a justice's supplemental return on appeal shall be received and considered by the appellate court rests in the sound discretion of that court.

2. If a party interested in an appeal from justice's court has not given reasonable attention to the return, or has not acted with reasonable promptness upon discovering a defect therein, to the prejudice of his adversary, the appellate court may be guilty of an abuse of discretion in ordering or considering a supplemental return.

3. The facts essential to a justice's jurisdiction of the subject matter, which the law requires to be entered on his docket, must appear wholly from his docket entries as returned, and the appellate court cannot consider in respect thereto either a supplemental return of matters wholly outside the record and the written proceedings kept by the justice, or the evidence returned by him. *Sellers v. Lampman,* 63 Wis. 256, explained and limited.

4. A justice's docket which contains no statement of the nature of the action, and nothing to show that its subject matter was within his jurisdiction, except the statement that a specific amount was found due the plaintiff, is insufficient to show jurisdiction.

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

The action was originally brought in justice's court in Chippewa county to recover $64.25, by *James Crate* and an associate, as the firm of Taylor & Crate. Before final judgment in the circuit court hereafter mentioned, Mr. Taylor died and the cause was duly continued in the name of *Mr. Crate* as surviving partner. The place of residence of defendant was in Eau Claire county. He appeared in justice's court and answered. Judgment was rendered against him for the amount claimed with costs. Such proceedings were thereafter duly taken that the cause was removed upon

defendant's appeal to the circuit court for Chippewa county,. and transferred from such court to the circuit court for Eau. Claire county, where a complaint was filed showing that. plaintiff's claim was based upon a settled account. The defendant answered by general denial and set up several counterclaims, and issue was taken upon the new matter by a reply thereto. The issues, as made in the manner indicated, were, by consent, referred to a referee to hear, try,. and determine.

Upon the hearing before the referee it developed that the adjudication of the rights of the parties and the establishment of plaintiff's cause of action required the examination of an account far exceeding $500. The result of the trial was a conclusion that there was due to the defendant on the account $53.01 and a large amount on counterclaims, making in all $735.26. On the motion to confirm the referee's report, the attention of the court was called to a voluntary supplemental return, so called, of the justice, which was upon the files of the court, such return being in the form of a certificate of the justice that the action, as tried before him, was founded on an account, that the amount thereof, on the part of the plaintiff, established to his satisfaction,. exceeded $500, and that the amount for which judgment was rendered was arrived at by allowing to the defendant numerous credits established in his favor. The so-called return was made nearly a year after the trial in justice's. court. Upon motion of counsel for plaintiff the appeal was. dismissed for want of jurisdiction.

A bill of exceptions was settled, into which was incorporated the justice's docket entries, the minutes of evidence taken by him, and the supplemental return. No proof was made before the circuit court as to what was established in the justice's court other than by the supplemental return, the minutes of evidence sent up with the return proper, and some affidavits presented on the motion to dismiss. No

written pleadings were filed in justice's court, and no statement was made by the justice in the docket of the nature of the complaint or any other pleading, or of the plaintiff's claim. The docket recited the following: "The court, after hearing the proofs, finds for the plaintiff in the sum of $64.25."

The defendant appealed from the judgment of dismissal.

For the appellant there was a brief by *Wickham & Farr*, and oral argument by *James Wickham*.

For the respondent there was a brief by *Connor & Leonard* and *W. M. Bowe*, and oral argument by *T. B. Leonard*.

MARSHALL, J. This appeal presents for consideration the following propositions: (1) Assuming that the supplementary return could have been properly considered under any circumstances, was it error to receive it under the peculiar circumstances of this case? (2) Was it proper for the justice to make return of jurisdictional matters other than as the same appeared upon the files and records of his office? (3) Was the failure of the justice to enter in his docket the nature of plaintiff's cause of action fatal to his jurisdiction over the subject matter thereof?

1. The return of a justice of the peace upon appeal may be amended by a supplemental return pursuant to the order of the appellate court, or by the justice's voluntary act if such court sees fit to receive and consider it. *Norden v. Jones*, 33 Wis. 600; *Moore v. Hansen*, 75 Mich. 564; *Rudd v. Baker*, 7 Johns. 548; 4 Wait, Pr. 448. The assent of the court to a supplementary return is necessary in all cases. It follows that the mere fact that such a return in this case was sent to the circuit court by the justice without any order first obtained, requiring it, did not preclude its reception and consideration. Whether it was proper to permit an amended return under the circumstances is quite another thing.

It sufficiently appears from what has already been said

that a party to a judgment rendered in justice's court and appealed from to the circuit court, has no absolute right to an amended return on the appeal. The question is always one addressed to the sound discretion of the court. A party interested, who knows or has good reason to know that a return is defective, and nevertheless causes proceedings to be taken in the action up to a point where a disturbance of further proceedings up to a final determination of the rights of the parties will seriously prejudice his adversary, ought not to be allowed to do so by means of a supplemental return. The rule requiring vigilance in judicial matters applies, and unless a party gives reasonable attention to the essentials for his protection in respect to a return on appeal, and acts with reasonable promptness upon discovering a defect therein, he ought to be bound thereby. 4 Wait, Pr. 444, 445. It follows that an appellate court may be guilty of abuse of discretionary power in ordering or considering such a return. "When a return has been made and filed in the clerk's office, it is the duty of both parties to promptly examine it. . . . If it is found to be defective, the party desiring to have it amended should promptly make a motion for that purpose." Id. 444. It would be a very dangerous practice to permit a party with knowledge, or reasonable means of knowledge, of all the facts affecting jurisdiction of the appellate court on an appeal from justice's court, to submit thereto for a considerable length of time upon the theory that he will probably prevail upon the merits, and then, upon appearances changing, defeat the jurisdiction of the court by a supplemental return of the justice. It is not difficult to see that judicial discretion may be abused by allowing that to be done. We will pass from this branch of the case without deciding that there was such abuse in the instance under consideration. However, the mischief that would probably occur if it were understood that a justice's supplemental return is permissible under all circumstances,

and that such proceedings as were had in this case can be wholly sanctioned, seems to require some treatment of the subject, even though we do not decide that reversible error was committed in considering the return. It takes a strong .case to warrant an appellate court in deciding that the court below abused its discretionary power. We stop just short of that here, without determining whether we might go further, the necessities of the case permitting that course.

2. Whether the supplemental return of a justice on appeal, of matters wholly outside the record and the written proceedings kept by him in the case, is proper, must be tested by sec. 3763, Stats. 1898, which provides that such a return shall consist of the testimony, proceedings, and judgment. That seems plain. It excludes matters resting merely in the memory of the justice as clearly as language can do it. That must be so as to jurisdictional matters, or the rule so well understood that the mere mention of it is sufficient, that such matters must appear by the record without the aid of presumptions, would be lost sight of. The justice's docket entries, as made to appear by the return, must show jurisdiction of the subject matter of the action, or no jurisdiction thereof can be acquired by the appellate court. *Witt v. Henze,* 58 Wis. 244; *Smith v. Bahr,* 62 Wis. 244; *State ex rel. Ellis v. Thorne, ante,* p. 81. True, the court said, in *Martin v. Beckwith,* 4 Wis. 219, that a justice may certify to a circuit court the evidence taken before him from his minutes and his best recollection; but that must be read in the light of what the court was speaking about. Care was taken to point out that it did not refer to jurisdictional matters; that the statute does not require the justice to record upon his docket the evidence taken before him; and that the decision was in harmony with the rule that the jurisdiction of a justice to try a cause must appear by his docket. Counsel cites to our attention *Sellers v. Lampman,* 63 Wis. 256, where it was said in regard to a situation similar to that presented here:

"The justice should be required to certify what amount was proved on the trial to his satisfaction, and the amount it was reduced by credits given, or by the setoff or demand of the defendant."

The law is so elementary, that evidence of facts cannot be supplied from the memory of the justice to support or defeat jurisdiction, but must be gathered wholly from the record which the law requires to be kept for that purpose, that it cannot be possible that the court intended to say anything out of harmony therewith. The quoted language must be held to mean that, in the particular class of cases under consideration, where the justice's jurisdiction depends upon the amount of the plaintiff's account and the balance due him as established to the satisfaction of the justice, the better practice is to make the facts in that regard a part of the docket entries and to certify the same to the circuit court. True, the language of the court would seem to convey the idea which respondent's counsel contend for and which, evidently, moved them to obtain the supplemental return in question, unless it be read in the light of the situation before the court and the settled law as to how jurisdictional facts must be made to appear by a justice's return. In any event the language must be restrained to the meaning that, in actions upon accounts, the justice's return on appeal, of his docket entries, should show the essentials to jurisdiction in that class of cases. The language to the effect that the amount of the plaintiff's account, as established to the satisfaction of the justice, and the amount of the reduction thereof by offsets or the demand of the defendant, should be made to expressly appear by the justice's certificate, was advisory, because the statute does not require that such facts should be recorded upon the docket. Probably, if the docket entries required by law, as to the issues to be tried, are made, and the judgment is consistent with the jurisdictional facts as to the amount of the plaintiff's account established to the

satisfaction of the justice and the amount of the reduction thereof by the offsets or demand of the defendant, the existence thereof may be inferred till overturned by legitimate evidence as to what occurred upon the trial. When it is said that jurisdiction of the justice over the person and the subject matter of an action tried before him must affirmatively appear and cannot be supplied by inference or presumption, reference is had only to those things which the law requires to be made matters of record. *Baizer v. Lasch,* 28 Wis. 268; *Healy v. Kneeland,* 48 Wis. 497; *Storm v. Adams,* 56 Wis. 137; *Driscoll v. Smith,* 59 Wis. 38; *State ex rel. Dearborn v. Merrick,* 101 Wis. 162; *Fulton v. State ex rel. Meiners,* 103 Wis. 238. An examination of the cited cases will show that, while material matters which the statute requires to appear upon the docket must so appear, as to all other matters, though they may concern the jurisdiction of the justice,— such as, in an action upon an open account, the fact as to whether the amount of the plaintiff's account, as established to the satisfaction of the justice is within the justice's jurisdiction, and whether such sum was reduced by offsets or the demand of the defendant to a sum within the justice's jurisdiction to enter judgment,— the rule prevails that every reasonable presumption should be indulged in to uphold the proceedings before a justice's court. As to strictly jurisdictional matters — those which the statute requires to be entered upon the justice's docket — the return must be sufficient as to the subject matter of the action, on an appeal from the justice's judgment, to show jurisdiction, the same as on a removal of the proceedings to the superior tribunal, to test the validity thereof on a common-law writ of *certiorari.* The jurisdictional matters in actions like this, which we have said may be inferred, cannot be established by the evidence taken before the justice as returned by him. That cannot be considered for such purpose any more on an appeal than on a common-law writ of *certiorari.* *Sellers v.*

*Lampman*, 63 Wis. 256; *Mathews v. Ripley*, 101 Wis. 100. We reach the conclusion that the supplemental return did not contain anything which a trial court could properly receive or consider under any circumstances.

3. We now come down to whether the return of the justice, aside from the so-called supplemental return, showed jurisdiction of the subject matter of the cause. The evidence sent up by the justice, as we have indicated, was not before the court for consideration in respect to jurisdictional matters. What was established in justice's court was not established in the circuit court in any legitimate way. Nothing appears by the justice's docket but that there was $64.25 found due the plaintiff. What the nature of plaintiff's complaint was does not appear either by a statement of the substance of the pleadings or by reference to pleadings contained in the return. For aught that appears the cause of action may have been any one of several that might be mentioned, over which a justice has no jurisdiction. This and other courts, in harmony with a general rule too well understood to require discussion or citation of authority to support it, have decided that such a failure to comply with statutory requisites is fatal to jurisdiction and that it cannot be cured by appearance of the parties and going to trial in the appellate court. In *Jones v. Hunt*, 90 Wis. 199, language is used that may well be applied to this case:

"Whether the subject matter of the trial before the justice was slander, libel, malicious prosecution, or false imprisonment, of which he could not have jurisdiction, or whether it was upon contract or other cause of action where the amount claimed was less than $200, . . . of which a justice would have jurisdiction, does not appear even by inference."

There is no suggestion in the docket entries here that the cause of action was on an account, or what the amount of the plaintiff's claim was, or anything in respect to what the litigation was about. In *Barnes v. Holton*, 14 Minn. 357, a

similar case, the court said, in substance, that neither the nature of the action nor the justice's jurisdiction thereof can be shown by a mere inference from the fact that judgment was rendered for a specific amount; that the statute required the justice to enter in his docket a brief statement of the plaintiff's demand and the amount due; that, for aught that appeared by his docket, the action may have been in eject- ment or on a money demand, and may have been for $1 or $10,000; that the statement that judgment was rendered for $31.05, balance due on lot sold by plaintiff to defendants in September, 1867, did not tend to show that the action was brought for that sum or upon a liability of that nature.

Enough has been said to show that the return of the jus- tice in this case was clearly insufficient to show jurisdiction of the subject matter of the action and that it was the duty of the circuit court to dismiss the action upon that ground upon his attention being called to the jurisdictional defect. We must sustain the judgment, without approving, in all particulars, the grounds upon which the circuit court en- tered it.

*By the Court.*— The judgment appealed from is affirmed.