SULLIVAN and another, Appellants, vs. MILES, Administrator, Respondent.

*March 27—April 17, 1903.*

*Justices' courts: Judgment: Filing transcript: Limitation of action thereon: Docket entries as to service of summons and pleading: Sufficiency.*

1. Where a transcript of a justice's judgment has been filed, under sec. 2900, Stats. 1898, an action may be brought thereon as a judgment of the circuit court at any time within ten years from the date of its rendition, and the statute limiting the right of action upon justices' judgments to six years is not applicable.
2. Where a justice's docket showed that a summons had been issued returnable at a certain time and place, a subsequent entry stating that such summons was "returned and filed showing personal service" was sufficient to show that there was personal service on the defendant on or prior to the day of the return.
3. A justice's docket stated that plaintiff filed a "written complaint and proof of debt," and the judgment rendered was for an amount within the justice's jurisdiction. *Held,* that it sufficiently appeared that a written complaint was filed founded upon a debt within such jurisdiction.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Reversed.*

This is a claim against the estate of Hanna J. Newland. The action was tried before the court, a jury being waived. The facts were not in dispute. It appeared that on July 28, 1893, the plaintiffs obtained judgment before a justice of the peace against the deceased, who was then living, for $56.34 damages and costs, and that on the 22d day of August, 1893, a duly certified transcript of said judgment was filed in the office of the clerk of the circuit court for the proper county; that Hanna J. Newland died July 22, 1901, and that the respondent, *Miles,* was appointed administrator of her estate September 5, 1901, and thereafter duly qualified; that the plaintiffs' claim was filed in the proper county court March 5, 1902, and was thereafter allowed by said court; that an appeal was thereafter taken by the administrator to the circuit court, and the judgment of the county court was reversed, and the claim dismissed for the reason that it was barred by the statute of limitations. From this judgment the plaintiffs appeal.

The cause was submitted for the appellants on the briefs of *Sanborn & Sanborn,* attorneys, and *W. S. Cate* of counsel, and for the respondent on that of *J. J. Miles.*

WINSLOW, J. The trial court decided that the plaintiffs' cause of action was barred by the statute of limitations, under subd. 1, sec. 4222, Stats. 1898, which provides that actions upon judgments not of courts of record must be brought within six years. If the judgment in question is to be treated as simply the judgment of a justice's court, the ruling was right; if not, the ruling was wrong. This question depends upon the construction to be given to sec. 2900, Stats. 1898, which provides for the filing of a transcript of a justice's judgment in the office of the clerk of the circuit court, and declares that:

"Every such judgment, from the time of such filing of the transcript thereof, shall be deemed the judgment of the cir-

cuit court, be equally under the control thereof, and be carried into execution, both as to the principal judgment debtor and his surety, if any, in the same manner and with like effect as the judgments thereof, except that no action can be brought upon the same as a judgment of such court nor execution issued thereon after the expiration of the period of the lien thereof on real estate provided by section 2902."

Sec. 2902 provides that such judgment when so docketed shall be a lien upon the real property of the defendant, except his homestead, for a period of ten years from the date of the rendition thereof.

The respondent contends, and such seems to have been the conclusion of the circuit court, that the words, "after the expiration of the period of the lien thereof," etc., at the close of sec. 2900, simply qualify the right of issuing an execution, and not the bringing of an action upon the judgment, so that the clause means that no action can be brought upon a docketed judgment of a justice of the peace as a judgment of the circuit court at any time, but that execution may be issued thereon at any time within ten years from its rendition. We are clearly of the opinion that this construction is erroneous. The evident purpose of the section to place such judgments on an equal footing for a limited time with ordinary circuit court judgments is too plain to be misunderstood, and the punctuation, or rather lack of any punctuation, also negatives the idea that the qualifying clause above referred to is limited in its application to the mere right to issue an execution. We have found no direct decision on this question in our Reports, but the clause in question was assumed to have the meaning which we now hold in the case of *Duecker v. Goeres*, 104 Wis. 29, 80 N. W. 91. We therefore hold that the statute limiting the right of action upon justices' judgments to six years is not applicable to a justice's judgment which has been duly docketed under sec. 2900.

The respondent also contended, in support of the judgment appealed from, that it appeared affirmatively from the

record that the justice lost jurisdiction of the original action. The justice's docket was introduced in evidence, and from this it appeared that the only entry therein as to the service of process was as follows: "Summons returned and filed showing personal service;" also that the only entry as to the plaintiffs' complaint was, "John F. Dufur, attorney, appears for A. R. Mead, attorney for plaintiffs, and files written complaint and proof of debt." The statute (sec. 3574, Stats. 1898) provides that the justice shall enter in his docket, among other things:

"(2) The time when the process was issued against the defendant, when returnable, and the particular process issued and a statement of the return of the officer. . . . (4) Where the pleadings are written, a brief statement of their nature and reference to the pleadings filed."

In the present case the plaintiff rested on the justice's docket, and did not introduce the summons, return, or complaint, and the defendant claims that the above entries do not show either the return of service or the nature of the complaint.

As to the entry of the service of the summons, we think there is nothing in the objection. The previous entry showed that a summons had been issued returnable at a certain time and place; and a statement that such summons was thereafter returned and filed, and that when so returned it showed personal service, must, under all reasonable rules, be held to mean personal service on the defendant in the action on or prior to the day of the return.

As to the second objection, much reliance is placed upon *Jones v. Hunt*, 90 Wis. 199, 63 N. W. 81, where the justice's docket failed to show the nature of the action, or that any pleadings, oral or written, were ever made or filed. In this case it was held that it did not appear that the cause of action was one of which a justice had jurisdiction, and that such a defect was fatal. While in the present case the docket is very meager, it does show affirmatively that a written com-

plaint was filed. We think, also, that, when the docket refers to such pleading as a "written complaint and proof of debt," we must give it a rational construction, as meaning a complaint founded upon a debt, and, the judgment rendered being in an amount within the justice's jurisdiction, that the debt declared on was within such jurisdiction. No other points are made which are deemed of sufficient importance to require discussion.

*By the Court.*—Judgment reversed, and action remanded with direction to enter judgment for the appellants affirming the judgment of the county court.