McGeehan, Respondent, vs. Bedford, Appellant.

*March 26—April 17, 1906.*

*Justices' courts: Jurisdiction: Docket entries.*

1. In order that a justice's docket should establish the invalidity of his judgment it must fail to establish some fact which is not only essential to jurisdiction but which the statute requires shall be entered upon the docket.
2. Failure of the docket to set forth fully the return of service is immaterial where it shows that defendant appeared generally in the case.
3. A statement in the docket that plaintiff "filed written complaint showing an indebtedness of $90" satisfies the requirement of sec. 3574, Stats. 1898, that where the pleadings are written the docket shall contain "a brief statement of their nature and reference to the pleadings filed."
4. There being no statute requiring entry of the fact that evidence was given to support the judgment, the omission of such entry from the docket does not of itself establish that the judgment is void.

Appeal from an order of the circuit court for Shawano county: John Goodland, Circuit Judge. *Affirmed.*

Appellant having purchased certain real estate from one Fuller in 1901, the plaintiff in May, 1905, caused to be issued and levied thereon an execution under a judgment of a justice of the peace entered March 3, 1900, transcript whereof was docketed in circuit court May 29, 1900, but of which appellant had no actual knowledge at the time of purchasing the land. Appellant thereupon moved, upon notice, for an order striking said transcript and all entries relating thereto from the files of the circuit court, and for such other relief as might be equitable, and procured temporary restraint of proceedings under the execution until further order. The motion was based upon alleged want of jurisdiction in the justice of the peace to render the judgment appearing by the justice's docket, which stated the issue of the summons February 13, 1900; "summons duly served, returned, and

filed February 24, 1900; case called, and on motion of defendant adjourned until March 3, 1900, at 2 o'clock," at the justice's office in Shawano. March 3d: "Case called. Plaintiff present by H. C. Drier, his attorney, who filed written complaint showing an indebtedness of $90, besides the interest to the amount of $6.30, of which no part has been paid. Court waited one hour. Defendant did not appear. It is therefore ordered and adjudged that the plaintiff shall have and recover of the defendant the sum of $96.30, principal and interest, besides the costs," etc.

After hearing, and upon further affidavits, order was entered denying such motion, from which said *Bedford* appeals.

For the appellant there was a brief by *C. H. McDonald* and *E. V. Werner,* and oral argument by *Mr. Werner.*

For the respondent there was a brief by *Wallrich, Dillett & Larson,* and oral argument by *C. F. Dillett.*

DODGE, J. In order that a justice's docket should establish the invalidity of his judgment it must fail to disclose some fact which is not only essential to jurisdiction but which the statute requires shall be entered upon the docket. *Crate v. Pettepher,* 112 Wis. 252, 87 N. W. 1104. Three such facts are urged by appellant:

1. The return of service is not fully set forth. If that be conceded, as also that the statute requires it, still the omission does not invalidate the judgment, for the fact is rendered unessential to jurisdiction by the further fact, duly docketed, that defendant appeared generally and requested adjournment, thus conferring jurisdiction of his person. *Cron v. Krones,* 17 Wis. 401; *Griswold v. Nichols,* 111 Wis. 344, 87 N. W. 300.

2. Failure to state on the docket the nature of the action, so as to show a subject within the justice's jurisdiction. The entry is that the written complaint filed presented a claim for an "indebtedness" of $96. The sufficiency of this, even

upon òral complaint, is strongly intimated, if not authoritatively decided, in *Sullivan v. Miles,* 117 Wis. 576, 580, 94 N. W. 298. When, however, such description of the cause of action is, as here, supplemented by reference to a written complaint filed, the statutory requirement of "a brief statement of their [pleadings'] nature and a reference to the pleadings filed" is fully satisfied. *Ruthe v. G. B. & M. R. Co.* 37 Wis. 344; *State ex rel. Kaltenbach v. Shiel,* 114 Wis. 256, 90 N. W. 112; *Sullivan v. Miles, supra.*

3. The omission to state on the docket the fact that evidence was given to support the judgment. If it be conceded that the taking of some evidence is essential to jurisdiction to render judgment (*Roberts v. Warren,* 3 Wis. 736), yet no statute requires the fact to be entered on the docket; hence omission of such entry does not of itself establish that the judgment is void. *Crate v. Pettepher, supra.*

No other ground of invalidity is suggested. Therefore the court properly refused to strike from its files the justice's transcript and entries in relation thereto, even if such relief might, under any circumstances, be accorded one not a party to the judgment.

*By the Court.*—Order affirmed.

CASSODAY, C. J., took no part.