BLICKLE *v.* KENT PROBATE JUDGE.

1. Mandamus—Issues Framed by Pleadings—Statutes.
    Under the judicature act (3 Comp. Laws 1915, §§ 13437, 13440) issues of fact in mandamus proceedings are no longer framed by the court, as formerly, but may be said to be automatically framed by the return and the specific denials of the plea thereto.

2. Same—Return to be Taken as True Unless Traversed.
    Under 3 Comp. Laws 1915, § 13440, on mandamus against a probate judge, the return of the judge, unless traversed, must be taken as true.

3. Judgment—Effective When Made—Entry on Record a Ministerial Act.
    An order of the probate judge, committing a child to the juvenile home, made on October 31, 1919, but not actually entered on the record by the clerk until December 11, 1919, was nevertheless in force and effect on the date made, since the entry upon the record by the clerk was purely a ministerial act.

Certiorari to Kent; McDonald (John S.), J. Submitted June 22, 1920. (Calendar No. 29,168.) Decided July 20, 1920.

Mandamus by Beatrice G. Blickle, an infant, by her next friend, to compel Clark E. Higbee, probate judge of Kent county, to expunge an order from the record of said court. From an order denying the writ, plaintiff brings certiorari. Affirmed.

*Shelby B. Schurtz,* for appellant.

*Stuart E. Knappen* and *Ganson Taggart,* for appellee.

Stone, J. This is certiorari to review an order of the circuit court for the county of Kent, denying peti-

tion to issue a mandamus to the judge of probate of said county requiring him to expunge from the record of the probate court a certain order actually written, signed and filed December 11, 1919, but which defendant claims was in accordance with an order actually made on October 31, 1919. The purported order was in the words and figures following:

"ORDER COMMITTING CHILD TO JUVENILE HOME.
"STATE OF MICHIGAN—In the Probate Court for the County of Kent, Juvenile Division.

"At a session of said court, held at the probate office in the city of Grand Rapids in said county, on the 31st day of October, A. D. 1919.

"Present: Hon. Clark E. Higbee, judge of probate.

"In the matter of Beatrice Galligan, neglected child.

"Lilly Galligan, having filed in said court her petition, alleging that said named child is a neglected child, and said child having voluntarily appeared before said court, together with the sister, and after taking testimony, it appearing to the court that the best interests of the public and said child will be subserved thereby, the said child having heretofore, to wit, on the 27th day of January, 1916, been declared and found to be a neglected child and having at that time been released temporarily to the mother and stepfather, and it now appearing that said child is again neglected by said custodians in that she is not attending school regularly, and that a petition has been filed, alleging that she is a delinquent child;

"It is ordered: That said child be and is hereby committed to the care of the Kent County Juvenile Home, to be there kept until Monday, November 3, 1919.

"It is further ordered: That Maude Swanson is hereby directed to take said child to the Kent County Juvenile Home, as aforesaid, pending the final disposition of said case, or until the further order of said court.

"CLARK E. HIGBEE,
"Judge of Probate."

The petition for the writ of certiorari shows that said petition for mandamus alleged that on November

29, 1919, the plaintiff by her next friend instituted a suit in the superior court of Grand Rapids against Maude A. Swanson and Kate L. Baldwin for false imprisonment in the Kent County Juvenile Home, from October 31, 1919, until November 3, 1919, when she was released by *habeas corpus* proceedings in said superior court. That on December 11, 1919, the said judge of probate had written, signed and filed said purported "Order Committing Child to Juvenile Home," without any notice to plaintiff or her attorney, which purported to have been written, signed and filed on October 31, 1919, with nothing in the record to show that it was in fact written, signed and filed on December 11, 1919. That the said purported order of October 31, 1919, if in fact it had been actually written, signed and filed, and in the possession of said Maude A. Swanson, on said October 31, 1919, would have constituted a valid defense, but that it was neither written, signed nor filed, nor in Maude A. Swanson's possession on October 31, 1919, and in fact was not in existence until December 11, 1919. That the attorneys for said Swanson and Baldwin, on December 12, 1919, filed a plea and answer to the false imprisonment action which specifically defended upon said purported and false written order of October 31, 1919. That said purported order was not a true and correct record, was not a proceeding and act that ever took place, was a fraud upon plaintiff in that it was in fact neither written, signed nor filed on October 31, 1919, nor did Maude A. Swanson see it or have it in her possession on said October 31, 1919. That said petition for mandamus shows that the probate court was twice asked to correct this record, but without avail, in spite of the admission of defendant that said order was not written, signed or filed until December 11, 1919. The petition for certiorari further shows that on January 10, 1920, the defendant filed his an-

swer to the order to show cause granted in the mandamus proceeding. Reference will later be made to said answer. The petition for certiorari further shows that the circuit court heard the mandamus proceedings on January 12, 1920, at which time plaintiff's attorney filed a request that issues of fact be framed, and also filed the following instrument, properly entitled in the court and cause:

"Plea of Relator to Answer of Respondent.

"Now comes the relator, by Shelby B. Schurtz, her attorney, and denies the statements of fact and conclusions of law stated in respondent's answer, controverts the denials in respondent's answer to the statements of fact and conclusions of law stated in relator's petition, states that notwithstanding the answer of respondent she is entitled to the relief prayed for in her petition, and asks the court to frame issues of fact that the facts in dispute may be determined.

"SHELBY B. SCHURTZ,
"Attorney for Relator."

It is further stated in the petition for certiorari that the circuit court refused to frame issues of fact, and later entered an order dismissing the plaintiff's petition for mandamus. The petition for certiorari states that unless the record of the probate court, juvenile division, is corrected, as demanded, so as to show the commitment order of October 31, 1919, was actually not written, signed and filed until December 11, 1919, plaintiff will be defrauded out of her action in the false imprisonment case against Maude A. Swanson and Kate L. Baldwin by the use of said false order. Error is assigned:

(1) Because no issues of fact were framed as twice requested in writing;

(2) Because taking all the material facts stated in the defendant's affidavit as true, defendant has not shown legal cause why a peremptory writ of mandamus should not issue;

(3) Because by the fact admitted relator is entitled to the writ of mandamus.

The answer of defendant in the mandamus proceeding is too lengthy to be here inserted in full. We quote, however, from the same the following:

"Respondent admits that on December 11, 1919, he, as judge of the juvenile division of the probate court of the county of Kent, signed and filed an order substantially as set forth in paragraph 7 of said petition, and that said order was actually written on said December 11, 1919; but respondent avers that the said order was actually indicated, and directions given for writing and entering the same on the date which it bears, namely, October 31, 1919; and respondent further avers that the said order was in force and effect on said October 31, 1919, and at all times thereafter, by reason of the fact that respondent made said order on said October 31st, directed the same to be written up for his signature as judge of the probate court, juvenile division, as aforesaid." * * *

Answering paragraph 11:

"Respondent admits that the order of October 31, 1919, was written and signed upon December 11, 1919, and that on that date the same was handed to Walter F. Clinton, deputy probate register, for filing, as a valid order of the court. Respondent admits that the said Walter F. Clinton, deputy probate register, did make the said order as filed October 31, A. D. 1919, and respondent denies all other matters in said paragraph 11. Respondent further answering said paragraph, avers that the said order was properly filed as of date October 31, 1919, for the reason that said order was actually made on said October 31, 1919, although not then written up; and that respondent on said October 31, 1919, directed the writing up of the order as indicated by respondent; that through press of business of respondent's stenographer, the said order was not actually written up on said October 31, 1919, and was overlooked for some days thereafter, respondent having in mind that the said order had actually been written up, signed and filed. That when respondent in looking through the files in said cause first noticed that the said order had not actually been written up, signed and filed, he forthwith gave in-

structions that the said order should be so written up, and that he did thereupon sign the same and file the same as hereinabove stated. Respondent further avers that the actual writing out and signing of orders indicated and directed is, under the practice of the probate court of the county of Kent, and the juvenile division thereof, ordinarily and in a large number of instances done on a day subsequent to the actual indication and direction for such orders, for the reason that a very large number of orders are made daily in the said probate court, and it is many times impossible to have said orders actually written up and signed on the day the same were made; that such orders are always, under the practice of the probate court, filed as of the date they bear respectively, which is the date when said orders are indicated and directions given for writing up the same.     *     *     *

"And respondent avers that the said orders, including the order of October 31, 1919, hereinabove referred to, are, when actually written up, signed and filed, valid orders as of the date when the same are indicated and directions given for writing up the same; that the order of October 31, 1919, was actually made on said October 31, 1919, being the date when respondent, as judge of the probate court, juvenile division, did in fact act upon the petition filed in said cause under which said order was made, and that when the said order was actually embodied in writing, signed and filed as aforesaid, the same was merely a ceremonial act and related back to the actual order of the court made on October 31, 1919."

The record shows that defendant, by his attorneys, in the circuit court, moved to dismiss and strike from the files the motion that certain issues of fact be framed in said cause.

1. We think we have shown enough of the proceedings to make it clear that counsel for the plaintiff and appellant has mistaken the practice in mandamus proceedings since the amendments which appear in the judicature act. There is no question but that under the statute prior to the judicature act, on the filing of an answer or return, issues of fact, if desired, could

be framed. Section 9969 of the Compiled Laws of 1897 referred to the writ of mandamus only. That section was amended in the judicature act so that it now reads:

"Whenever any alternative writ of mandamus, or order to show cause shall be issued out of the Supreme Court, or by any circuit court of this State, the person, body, tribunal or officer to whom the same shall be directed or delivered shall make returns to said writ or order to show cause," etc.   3 Comp. Laws 1915, § 13437.

This section is followed by section 13440, which reads as follows:

"Whenever a return shall be made to any such writ, the person prosecuting the same may plead to all, or any of the material facts contained in said return; and such issue of fact thus joined shall be determined as in other cases:  *Provided,* That all material facts stated in said return, that are not specifically denied by plea, shall be taken as admitted to be true.   In case no plea is filed to such return, the same shall stand for hearing upon the petition and return.   Such issue of fact shall be tried in the county within which the material facts are alleged to have taken place."

Enough appears in what we have set forth to show that the answer of defendant to the order to show cause contained many material facts that are not specifically denied by plea in this case.   In the absence of a plea specifically denying such material facts, the return must be taken as admitted to be true.   An inspection of the record shows that the statute was not complied with in this instance by any such plea as is there indicated.   The instrument or paper called "plea of relator to answer of respondent" is general in its terms, and seems to be in the nature of a general replication.   There is in the present statute express provision that all statements not specifically denied by plea shall be admitted as true, and requiring a plea

if the answer is to be controverted. We repeat that there is no specific denial of any allegation in the return in plaintiff's plea. This seems to be conceded by counsel, but he claims that section 13440 is limited to the alternative writ of mandamus, and does not apply to an order to show cause. We are of opinion, and we have so construed these statutes, that this section (13440) refers back to section 13437, and applies to the situation there stated, being an alternative writ, or an order to show cause. As we have heretofore held, issues of fact are no longer framed by the court. They may be said to be automatically framed by the return and the specific denials of the plea thereto. It will be noted that in that portion of defendant's answer which we have quoted appears the following material fact:

"But respondent avers that the said order was actually indicated and directions given for writing and entering the same on the date which it bears, namely, October 31, 1919; and respondent further avers that the said order was in force and effect on said October 31, 1919, and at all times thereafter, by reason of the fact that respondent made said order on said October 31, 1919, and directed the same to be written up for his signature as judge of the probate court, juvenile division, as aforesaid."

In the absence of a plea specifically denying this allegation, the same must be taken as true. This has been the construction heretofore placed upon these provisions of the statute, and we see no reason to depart from such construction. We refer to the following recent cases upon this matter of practice: *Haire* v. *Charlevoix Circuit Judge*, 201 Mich. 224; *Kentucky Wagon Manfg. Co.* v. *Kalamazoo Circuit Judge*, 208 Mich. 267; *Thiedemann* v. *Board of Dental Examiners*, 208 Mich. 552.

In the last cited case we said:

"Under the present practice this issue is now framed

by the filing of the plea under the modified statute above set forth; and hence we held that in the instant case there was no occasion for framing issues, as the issues are already presented by the plea of the petitioner."

We must adhere to this view of the case. We think the circuit court did not err in refusing to frame issues in the case, and the ruling upon that subject was correct, and there was no issue presented to the court. The plea filed specified no issues of fact to be passed upon; it was a mere general denial from which no specific issues of fact could be determined.

2. The plaintiff, however, urges that regardless of the question whether this practice was erroneous or not, or whether an issue should or should not have been framed, the writ of mandamus should have issued. Under this head the real point in difference is the effect of the order made by the probate court (the same being a court of record) in open court on October 31, 1919, in the presence of the parties by the judge of probate, in obedience to which it is claimed Maude A. Swanson took the plaintiff to the juvenile home.

From the return before us, it appears that this order was made October 31, 1919, the plaintiff and Miss Swanson then being before the court and plaintiff having been theretofore adjudged as under the jurisdiction of the court. This order was not entered in the records in writing at the time, but was thereafter, and on the 11th day of December, actually written out, signed and entered of record. What effect should be given to this action of the court on October 31, 1919? The answer shows that the order was actually made October 31, 1919, in open court. The entry of the order as of that date was in accordance with the fact. It should not, upon this record, be set aside or expunged.

Quoting from volume 18, Enc. Pl. & Pr., at page 430, appears the following language:

· "The rendition and the entry of a judgment are entirely different things. The first is a purely judicial act of the court alone, and must be first in the order of time, while the entry is merely evidence that a judgment has been rendered and is purely a ministerial act."

And on page 437:

"The decisions of all courts must be preserved in writing in some record provided for that purpose. The reason for this does not lie in the fact that the entry is necessary to the completion of the judgment, for a judgment is as final when pronounced by the court as when rendered and recorded by the clerk, and an entire failure to make up the record will not necessarily affect the parties interested."

That the clerks cannot as a rule keep judgment entries up to date is recognized on page 446, where it is said:

"Since, as has been seen, the act of the clerk in entering a judgment upon the record, is purely ministerial, a judgment properly rendered may be entered by the clerk in vacation. In fact, during the term of court, clerks can as a rule, make only short minutes from which they must make out their more formal record out of term time, and they are at liberty then to put all orders and judgments in proper form."

The same rule is given in 15 R. C. L. p. 571, where it is said:

"Although it has been said on high authority that a judgment is a solemn record, the entry or record of the judgment should not be confused with the judgment itself. The judgment is a judicial act of the court; the entry is the ministerial act of the clerk. The judgment is as final and complete when pronounced by the court as when it is entered and recorded by the clerk. Although such entry may be necessary to give full force to the judgment as affect-

ing the rights of third parties, the entry or recording of a judgment is not essential as between the parties themselves. The judgment therefore is considered as having been rendered when the court has pronounced the decree which finally determines the rights of the parties and nothing remains to be done but for the clerk to record the entry of the judgment. The judgment itself is not what may be entered but is that which is considered and delivered by the court. Even if the judgment may be proven only by the record, yet it derives its force not from its entry on the record, but from its rendition by the court."

See, also, section 11, page 578, and cases there cited.

In *Comstock* v. *Boyle*, 134 Wis. 613 (114 N. W. 1110, 1111), the court said:

"The principle is also well settled in this State that if the court pronounces judgment from the bench, and all that remains to be done is the clerical duty of reducing the judgment to writing, or entering the same, or both, the judicial act is complete. So far as the court is concerned, judgment has been rendered, notwithstanding the fact that the clerical acts necessary to preserve the evidence of the judgment have not been performed." Citing *Baker* v. *Baker*, 51 Wis. 538 (8 N. W. 289) ; *Fulton* v. *State*, 103 Wis. 238 (79 N. W. 234) ; *Findlay* v. *Knickerbocker Ice Co.*, 104 Wis. 375 (80 N. W. 436) ; *Allen* v. *Voje*, 114 Wis. 1 (89 N. W. 924) ; *German-American Bank* v. *Powell*, 121 Wis. 575 (99 N. W. 222) ; *Zahorka* v. *Geith* 129 Wis. 498 (109 N. W. 552).

In the *Allen Case* it was said:

"An order or judgment is the decision of the court. It may be formulated in writing by the judge, or declared by him orally. In the latter event the duty rests upon the clerk to write the substance upon his records."

See, also, *In re Cook's Estate*, 77 Cal. 220 (17 Pac. 923, 19 Pac. 431, 1 L. R. A. 567).

This is in accord with the decisions of this court in adjudicated cases. In the late case of *Kent County* v. *Krakowski*, 207 Mich. 640, this court says:

"The trial court in submitting the case plainly instructed the jury that no recovery could be had upon any item of plaintiff's claim unless it was shown that the money was paid to the clerk pursuant to some mandate of the court, but held that under the circumstances of the case it was not imperative for recovery that it be proven that the order was recorded in the court journal, saying in explanation that while it was for the jury to determine from the admitted testimony whether or not each item claimed was paid to the clerk under an order of the court, yet:

" 'If a respondent were before this court at the present time and the court should, upon a plea of guilty of that respondent, say to him, "You are fined $100 fine and $10 costs, and upon your failure to pay that sum immediately, you will be confined in the Kent county jail for ninety days," and if the respondent should step up immediately to the clerk and pay him $110, the full amount of the fine and costs imposed, he could be discharged. * * * Under the verbal, spoken order of the court, if the money was paid to the clerk, it would be paid officially and it would be as essentially and finally the money of the county as though the respondent were required to wait until the next day and have a written order duly placed upon the journal and signed by the court.' "

In *Re Richards*, 150 Mich. 426, this court recognizes the right of the judge to orally remand a person to prison, and says:

"Under the circumstances we should not discharge the petitioner merely for the want of a valid written commitment, when it appears from his own showing that he was remanded after sentence, to the custody of the jailer, probably by an oral order made in open court, that his punishment might be inflicted."

Reference is made to the order of the court in question. The effect of making the arrest without having possession of the written order is a question not before us.

We find no reversible error in the record, and the judgment of the circuit court is affirmed.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, CLARK, BIRD, and SHARPE, JJ., concurred.