## HIBBARD VS. BELL.

1. PLEADING — MISJOINDER. — Counts in trover or case cannot be joined with counts in assumpsit.

2. CERTIORARI — ERROR. — The statute, ch. 88, § 223, which provides that the county court shall give judgment as the right of the matter may appear, without regarding technical omissions, imperfections or defects, in the proceedings before the justice not affecting the merits, does not give that court authority to disregard the legal rights of the parties or the plain rules of law in order to accomplish what it may regard as substantial justice. Misjoinder of causes of action cannot be disregarded under this statute.

3. SAME. — In an action where issue is joined by the plea of two defendants, it is error to render judgment against one of them, without a discontinuance or finding as to the other.

(3 Chand., 206.)

ERROR to the County Court for *Milwaukee* County.

Action of assumpsit brought by *Bell* against *Hibbard* and *Smith*, in justice's court, on an account filed with the justice and the defendants pleaded non assumpsit, and the cause was adjourned. On the adjourned day, the plaintiff added the common counts in assumpsit and a special count against the defendants for two buffalo robes which they had received of the plaintiff as innkeeper, and which they refused to deliver. The defendants demurred for misjoinder of causes of action, and the justice overruled the demurrer, and upon hearing the proofs on the part of the plaintiff, the justice rendered judgment against *Hibbard* only, for twelve dollars damages and costs, and the case was brought before the county court by *certiorari* where the judgment of the justice was affirmed, and *Hibbard* sued out this writ of error.

*C. K. Watkins*, for plaintiff in error.

*A. D. Smith*, for defendant in error.

WHITON, J.   This action was originally commenced before a justice of the peace, by the defendant in error, against the

Hibbard vs. Bell.

plaintiff in error and one *Aaron Smith*. The justice rendered a judgment against the plaintiff in error alone. The cause was removed to the Milwaukee county court, by a writ of *certiorari*, and the judgment of the justice was affirmed by that court.

It appears, by the return of the justice to the writ of *certiorari*, that the defendant in error declared in the justice's court, against *Hibbard* and *Smith*, in assumpsit, and that they pleaded the general issue; that subsequently, after the cause had been once adjourned, the plaintiff amended his declaration, by adding to it the common counts, and also a special count for two buffalo robes, which the defendants had received as innkeepers, and which they refused to deliver to the plaintiff.

To this amended declaration the defendants demurred for a misjoinder of counts; the demurrer was overruled by the justice, who, after the testimony had been heard, and a trial had taken place before him, rendered judgment against *Hibbard* alone. I do not see how this judgment can be sustained. Although the strictness in pleading, required in courts of record, is not to be expected in proceedings before justices of the peace, yet sufficient regard must be had to form, to prevent the substantial rights of parties from being sacrificed.

In this case, the pleadings appear to have been oral, and the justice entered a concise statement of them in his docket, as required by ch. 88, sec. 11 of the revised statutes. From this statement it appeared that all the counts in the declaration were in assumpsit, except the special one, which was added after the adjournment; and so far as can be ascertained by the statement contained in the docket of the justice, that may have been in assumpsit also.

That statement is, that the plaintiff added a "special count and declared against defendants as innkeepers, for two buffalo robes of the value of $20, which they refuse to deliver plaintiff, it being plaintiff's property." This is certainly quite as much like a declaration in assumpsit, upon the implied contract of an innkeeper that he will deliver to his guests the property which

they entrust to him, as it is like a declaration in trover for the conversion of the property, as in case for a neglect or violation of duty by an innkeeper.

The justice probably considered it to be in assumpsit, like the other counts, as he overruled a demurrer to the declaration for the misjoinder.

If this is the correct view of the pleadings, there can be no doubt that the judgment rendered by the justice is erroneous, and should have been reversed by the county court, it being against one only of two defendants in an action in form *ex contractu.*

It was insisted, in behalf of the defendant in error, that the error of the justice (if he had committed one) was merely formal, and did not affect the merits of the case ; and that in such cases the court to which the cause is removed by a writ of *certiorari* will not reverse the judgment. To maintain this position the counsel for the defendant in error referred to section 223 of chapter 88 of the revised statutes, which provides that the judge of the county court shall proceed and give judgment in the cause as the right of the matter may appear, without regarding technical omissions, imperfections or defects in the proceedings before the justice, which did not affect the merits, etc. This provision cannot be viewed so as to give the judge of the county court any authority to disregard the legal rights of the parties or the plain rules of law, in order to accomplish what he may suppose to be substantial justice. *Gage v. Reed*, 15 Johns., 403. Allusion was made in the argument, by the counsel for the defendant in error, to section 18 of chapter 100 of the revised statutes. By that it is provided that in actions founded on contract against several persons, the plaintiff may discontinue against any of the defendants, and proceed against the remainder. If this provision should be held to apply to proceedings in justices' courts, it cannot avail the defendant in error. He did not discontinue against *Smith*, but prosecuted his action against both of the defendants; and the justice, with-

out finding at all as to *Smith*, rendered a judgment against *Hibbard* alone.

The judgment must be reversed.