ISAAC PHILLIPS AND NATHANIEL SPENCER, Plaintiffs in Error,

*vs.*

WILLIAM BRIDGES, Defendant in Error.

ERROR TO THE GREEN COUNTY COURT.

In actions before justices of the peace, parties are not held to strictness in their pleadings. All mere matters of form may be disregarded where the pleading is not demurred to, but parties go to trial upon the merits. It is essential however that some issue be formed.

In actions in form *ex-delicto* the plaintiff must allege in substance that '·' has sustained some damage by the act or omission of the defendant, and should set out in an intelligible manner the nature of the act of which he complains.

This was an action of trespass brought by the de fendant in error against the plaintiffs in error before a justice of the peace of Green county. The declaration is as follows:

1st. That they exercised the authority of district clerk and treasurer, in school district No. 1, in the town of Cadiz, when they were not legally elected. 2d. That Isaac Phillips made out an illegal tax list. 3d. That he gave it with the tax warrant to said Spencer, without requiring such a bond as the law directs. 4th. That he altered said bond in different places, after it was put into his hands for safe keeping. 5th. That said Spencer, in exercising the office of district treasurer, *entered* on the duties of his office before his bond was approved, or filed, as the law requires. 6th. That he never returned the tax list or warrant at the expiration of the forty days, as the law requires, and under color of his office, illegally

levied on plaintiff's property to the great damage of fifty dollars to him the said plaintiff, for which he brings his suit with costs.

The following is the plea of the defendants:

"Isaac Phillips and Nathaniel Spencer pleading; We do say that the bill of particulars that is handed in by the plaintiff charges us wrongfully, and we do contend that we have proceeded according to law as school district officers, as far as we knew."

Upon this issue the cause was tried before a jury, and a verdict rendered against the defendants for $42.03, upon which judgment was entered with costs. The defendants appealed to the County Court and the cause was there tried before a jury.

*Geo. E. Dexter*, for plaintiffs in error.

*E. T. Gardner*, for defendant in error.

*By the Court*, WHITON, C. J.   We have not thought it necessary to examine the bill of exceptions in this case, to ascertain whether any errors were committed at the trial, as we are satisfied that the declaration of the plaintiff below, is wholly insufficient to warrant a judgment in his favor, whatever may have been the testimony.

The declaration appears to have been a written one, and is as follows :

"Plaintiff complains of defendants as follows, to wit : First, that they exercised the authority of district clerk and treasurer in school district No. 1, town of Cadiz, where they were not legally elected. Secondly, that Isaac Phillips made out an illegal tax list.   Thirdly, that he gave it with the tax warrant to said Spencer, without requiring such a bond as the

law directs. Fourthly, that he altered said bond in different places after it was put into his hands for safe keeping. Fifthly, that said Spencer in exercising the office of district treasurer, entered on the duties of his office before his bond was approved or filed as the law directs. Sixthly, that he never returned the tax list or warrant at the expiration of 40 days, and under color of his office, illegally levied on plaintiff's property to the great damage of fifty dollars to him, the said plaintiff, for which he brings his suit with costs."

The plea of the defendants is as defective as the declaration, but it is not necessary to notice it. It will be seen that the declaration does not attempt to charge any illegal acts upon the defendants or either of them whereby damage resulted to the plaintiff, except under the sixth specification, and that charged the illegal act to have been committed by Spencer alone, without specifying what kind of property belonging to the plaintiff, Spencer had levied upon and taken.

In actions before justices of the peace, parties are not held to strictness in their pleadings; almost every thing which is mere form may be disregarded, where, as in this case, the defective pleading is not demurred to, but the parties go to trial upon the merits.

But it is essential that the substance of an issue should be formed. When the action is in form *ex delicto*, the plaintiff should allege in substance that he has sustained some damage by the act or omission of the defendant, and should set out in an intelligible manner, the nature of the act of which he complains. In the case before us this is not done.

The declaration does not set forth any act done by

the defendants jointly by which the plaintiff has sus-
tained any injury. It charges the defendant, Spencer,
with levying on his property illegally, without speci-
fying what the property was.

It is possible that this might have been sufficient, if the action had been against Spencer alone, but as it is against two, and as the action has resulted in a joint judgment against both the defendants, it cannot be sustained.

Judgment reversed and a new trial ordered.