JAMES W. CECIL, Plaintiff in Error.

*vs.*

THOMAS BARBER, Defendant in Error.

ERROR TO THE DANE COUNTY COURT.

When upon a certiorari the return of the justice is so evasive and incomplete that the County Court is unable to adjudicate upon the merits of the case, it ought not to proceed to final judgment, but to compel a full and complete return.

After the service of a certiorari upon a justice, the defendant in such certiorari cannot enter satisfaction of the judgment so as to arrest proceedings therein; at least without the payment of costs which have already accrued on the certiorari.

Cecil sued Barber before a justice of the peace in Dane county, and obtained judgment for $1,72 damages, and $5,50 costs. Barber applied for and obtained a writ of certiorari, setting out in his affidavit therefor, the proceedings before the justice, &c. Judgment was rendered June 11, 1853, and the certiorari issued on the 24th day of June, 1853. On the 20th July the said justice made return to said writ as follows: " I, John A. Douglas, a justice of the peace in the writ hereunto annexed, named, do certify to the judge of the County Court of said county, that before the coming of said writ to me, there had been proceedings at the request of James W. Cecil in the said suit named against the said Thomas Barber, but that the plaintiff, James W. Cecil, believing that error had been committed in the aforesaid proceedings, appeared ,before me, the aforenamed justice of the peace, paying the costs of the above mentioned suit, ordered the judgment so rendered, discharged and satisfied.

Given under my hand this 11th day of July, A. D. 1853.     JOHN A. DOUGLAS, *Justice of the Peace.*"

"I certify that a writ of certiorari has been allowed and issued upon the judgment in this court, and served on me this      day of July." Signed as above.

At the August term a rule was obtained upon the justice to make a further return to the said writ of certiorari, and on the 11th day of November the justice filed the following return : "I, John A. Douglas, the justice of the peace to whom the writ of certiorari was directed in the above cause, hereby certify that some time after said writ was served on me, the said James W. Cecil came before me, knowing there was an error in the proceedings before me, and discharged the judgment against said Barber, and paid the costs of suit. Further return than this I cannot make.

Given under my hand," &c.

Upon these returns the cause was argued and submitted, and the court below rendered judgment, reversing the judgment of the justice, with costs.

*Vilas, Roys & Pinney*, for plaintiff in error.

*Orton & Atwood*, for defendant in error.

*By the Court*, SMITH, J.   The County Court erred in this case in not compelling a full and complete return to the writ of certiorari.   The return, together with the additional return, gave the court no jurisdiction to determine upon the merits of the case, and a complete and full return of *all* the proceedings had before the justice, was necessary to enable the County Court to pass judgment upon the merits.   It is not sufficient that the plaintiff in a suit brought by him shall be himself satisfied after certiorari brought, that

error has intervened before the justice, but it is the

duty of the justice to return all the proceedings had before him. And before the County Court can proceed to pronounce "upon the very right of the case," (*R. S.*) it should compel, if need be, the justice to make a full and complete return. Ample power is conferred, and the neglect to use it is as much error as its improper use. We are satisfied that there was no return in this case sufficient to authorize the judgment rendered, and the judgment of the County Court is therefore reversed, and the cause remanded for further proceedings according to law.

Judgment reversed with costs.