Coffee vs. The City of Chippewa Falls.

36 121
d90 201

## COFFEE vs. THE CITY OF CHIPPEWA FALLS.

(1) CERTIORARI *to a justice's court: What questions brought up by it.*
(2, 3) PRESUMPTION *in favor of judgment of circuit court.*
(4-7) JURISDICTION OF JUSTICE OF THE PEACE. (4) *Not lost because plaintiff asserts title to land.* (7) *Nor by failure of J. P. to make a certain docket entry.* (5) *Restriction by city charter in cases affecting city: Objection may be waived.* (6) *How waived.*

1. On *certiorari* to a justice of the peace, the circuit court having affirmed his judgment, this court, on appeal, can only consider whether the justice had *jurisdiction* of the action, and cannot review mere error. 27 Wis., 456; 29 id., 202.
2. On appeal from a circuit court, all reasonable *intendments* must be made in favor of its judgment.
3. The circuit court in this case, having before it the complaint as filed in the justice's court, affirmed the judgment of the latter. The complaint not being found in the record sent to this court, it will be *presumed* that it stated a cause of action cognizable by the justice, unless he was deprived of jurisdiction by a certain provision in the charter of the defendant city; especially as the only objection to his jurisdiction raised before the justice was based on the charter.
4. The mere fact that plaintiff's title to land was asserted in the complaint, did not deprive the justice of jurisdiction; there being no answer in

writing putting such title in issue, and no bond given by defendant as required by the statute.

5. Defendant's charter provides that the *police justice* of said city "shall have exclusive jurisdiction in all cases cognizable before a justice of the peace in which the city is a party," saving the jurisdiction of the circuit and supreme courts. *Held*, that this is a restriction upon the jurisdiction of justices of the peace in respect to the *party*, and not to the *subject matter* of the action; and it may be *waived* by the city in an action against it.

6. Defendant, having *demurred* to the complaint as failing to show a cause of action, thereby *waived* all objection to the jurisdiction of the justice in this action.

7. The failure of a justice of the peace to enter in his docket a brief statement of the nature of the complaint (as required by sec. 11, ch. 120, R. S.), does not deprive him of jurisdiction of the cause. *Bacon v. Bassett*, 19 Wis., 45.

APPEAL from the Circuit Court for *Chippewa* County.

The record returned to this court shows that an action was commenced by the plaintiff against the defendant before a justice of the peace of the town of Eagle Point in Chippewa county, by the isssue and due service of a summons, and that, on the return day of such summons, the defendant appeared by its attorney specially for that purpose, and moved the justice to dismiss the action for the reason that the charter of the defendant city excluded from the justice jurisdiction of the action; which motion was denied. The plaintiff then filed her complaint, and the defendant demurred thereto, on the ground that it failed to state a cause of action. The justice entered in his docket that the complaint had been filed, but failed to insert therein a statement of its nature. The demurrer was overruled.

The defendant declined to answer, and, on motion of the plaintiff (no objection thereto being made by the defendant), the justice adjourned the cause one week. On the day to which the cause was thus adjourned, the plaintiff appeared and introduced certain testimony (the defendant not appearing); and the justice rendered judgment in her favor.

The defendant removed the cause to the circuit court by *cer-*

*tiorari;* that court affirmed the judgment of the justice; and the defendant appealed'from such judgment of affirmance.

*Hollon Richardson,* City Attorney, for the appellant, contended that justices' courts have no jurisdiction either of the person, or of the subject matter, except such as is expressly given by statute (Const., art. VII, sec. 15 ; 2 Wait's L. & P., 16, 17, 20, 21; *Coffin v. Tracy,* 3 Caines' R., 128 ; *Blin v. Campbell,* 14 Johns., 432 ; *Dudley v. Mayhew,* 3 Coms., 9 ; *Oakley v. Aspinwall,* id., 547 ; 4 Seld., 36 ; 17 Wend., 85 ; 5 Barb., 607 ; 6 id., 613, 621); that the justice had no jurisdiction of this suit, because title to real estate was essential to be alleged and proven by the plaintiff ; that the *police justice* of the city of Chippewa Falls had by the statute the sole and exclusive jurisdiction of the subject matter of the suit (P. & L. Laws of 1872, ch. 108, sub-ch. 4, sec. 17); that the return of the justice did not show what the complaint contained, and the circuit court should have required the justice to make a full return containing the pleadings (or at least such note of them as by the statute should be contained in the docket entries of the justice), or should have reversed the judgment (*Cecil v. Barber,* 3 Wis., 297) ; and that the justice, if he ever had jurisdiction of the case, lost it by failing to make a " brief statement " of the nature of the pleadings and a reference to the complaint filed, as required by subd. 4, sec. 11, ch. 120, R. S.

*Arthur Gough,* for respondent, contended that the circuit court on *certiorari* to a justice of the peace, and this court on appeal from the decision of the circuit court in such a proceeding, can inquire only into errors of the justice affecting his jurisdiction ; and that no such errors appeared from the record in this case.

LYON, J. On this appeal we are only to consider whether the justice had jurisdiction of the action. *Owens v. The State,* 27 Wis., 456, and cases cited ; *State v. Huck,* 29 id., 202. If he had jurisdiction thereof, although he may have committed

errors therein, but errors not affecting his jurisdiction, the circuit court properly affirmed his judgment.

1. It is claimed on behalf of the defendant that the return of the justice to the writ of *certiorari* is so defective that the judgment of affirmance should be reversed, and the cause remanded to the circuit court with directions to that court to compel a further return by the justice. This course was pursued in *Cecil v. Barber*, 3 Wis., 297. In that case the justice made no return whatever to the writ of *certiorari*, except to certify that before it was served upon him the defendant in error discharged the judgment and paid the costs. The circuit court determined the cause on such return, and reversed the judgment of the justice. On appeal, this court reversed the judgment of the circuit court, and remanded the cause with directions to that court as above indicated. Here we have no such case. This record shows affirmatively that the justice made full return to the writ of *certiorari*. This case is not, therefore, ruled by that of *Cecil v. Barber*.

2. The complaint is not found in the record sent here from the circuit court; but it appears by a supplemental return of the clerk (and probably sufficiently appeared without it), that the complaint was duly returned by the justice to that court.

It is urged that in the absence of the complaint this court cannot presume that it states a cause of action cognizable by a justice of the peace. But the rule of law is well settled, that all reasonable intendments must be made in support of the judgment. The circuit court having the complaint before it, affirmed the judgment of the justice; and in support of such judgment of affirmance we must presume that such complaint states a cause of action cognizable before a justice of the peace, unless the justice was deprived of jurisdiction by the provision of the charter of the defendant city, presently to be noticed. This presumption is greatly strengthened by the consideration that the only objection to his jurisdiction, which was raised before the justice, was predicated on such charter provision.

It is said in the brief of counsel for the defendant, that the title to real estate was in issue. In the absence of an answer it is difficult to perceive how this can be true. Did the complaint aver title to real estate in the plaintiff, and had the defendant answered in writing putting such title in issue, and given the bond prescribed by the statute, the justice would thereby have lost jurisdiction to try and determine the case. But no such proceedings were taken, and the mere fact (if it be a fact) that title to land is asserted in the complaint, did not deprive the justice of jurisdiction. *State v. Huck*, 29 Wis., 202; *Brown v. Streng*, 32 id., 59; R. S., ch. 120, secs. 51 to 53 (Tay. Stats., 1364).

3. The next question is, Had the justice jurisdiction of an action against the city of Chippewa Falls? The charter of that city provides that the police justice thereof " shall have exclusive jurisdiction in all cases cognizable before a justice of the peace in which the city is a party,"saving however the jurisdiction of the circuit and supreme courts. P. & L. Laws of 1873, ch. 108, sub-ch. IV, sec. 17 (p. 228). This provision was enacted solely for the benefit of the city, and that the city may waive the benefit of it we cannot doubt. It was substantially admitted on the argument, by the learned counsel for the defendant, that it is competent for the city to bring actions before any justice of the peace; and yet the provision is general, applying as well to actions brought by the city as to those brought against it. If it may waive the restriction when it is plaintiff, why may it not do so when it is defendant? No good reason is perceived why the city may not, in all cases, waive the benefit of the provision of its charter under consideration. We are clearly of the opinion that this provision is a restriction upon the jurisdiction of justices of the peace in respect to the *party* to the action, and not in respect to the *subject matter* thereof.

By interposing a demurrer to the complaint, the defendant made full appearance in the action, and thereby waived its right to be sued exclusively before its police justice. Such an

appearance cures all defects in the process or proceedings which relate only to the jurisdiction of the court of the person of the defendant.  *Blackwood v. Jones*, 27 Wis., 498, and cases cited.

4. The only remaining objection to be noticed is, that the justice lost jurisdiction of the action by failing to enter in his docket a brief statement of the nature of the complaint, as required by statute.  R. S., ch. 120, sec. 11, par. 4 (Tay. Stats., 1354).  This provision of the statute imposes upon the justice a merely ministerial duty, and his failure to perform it does not affect his jurisdiction.  The distinction between such requirements and those contained in the same section of the statute which are of the essence of the proceeding, and hence jurisdictional, is well stated by Chief Justice DIXON, in *Bacon v. Bassett*, 19 Wis., 45.  It is quite unnecessary to add anything to what is there said on this subject.

The judgment of the circuit court must be affirmed.

*By the Court.* — Judgment affirmed.