Jones vs. Hunt.

---

Jones, Appellant, vs. Hunt, Respondent.

*April 4 — April 23, 1895.*

*Justices' courts: Jurisdiction: Docket entries of pleadings:* Certiorari.

1. Jurisdiction of a justice's court will not be presumed, but must appear upon the face of the proceedings.
2. The judgment of a justice will be reversed on *certiorari* where his docket does not show the nature of the action or of the plaintiff's claim or that there were any pleadings, and nothing in the return gives any information in respect thereto, since jurisdiction of the subject matter does not appear.

Appeal from a judgment of the circuit court for Adams county: R. G. Siebecker, Circuit Judge.   *Reversed.*

A common-law *certiorari* was issued, on the petition of the appellant, to a justice of the peace for Adams county, to review his proceedings in an action before him in which the said respondent was plaintiff and the appellant was defendant, and which resulted in a judgment against the latter, and in favor of the plaintiff therein, of $3 damages and $59.62 costs.   From the copy of the docket the justice returned to the writ, it appeared that a summons was issued in favor of *Hunt* against *Jones* as defendant, returnable as provided by law; that on the return day the parties appeared at the proper time, when the defendant filed a writ-

Jones vs. Hunt.

ten offer of judgment, which was not accepted, and the cause was adjourned at the defendant's request until June 25, 1891. Upon the adjourned day the parties appeared and the defendant called for a jury, which appears to have been summoned, and the trial proceeded until June 27th, when the jury found a verdict for the plaintiff for three dollars, upon which judgment was given as stated. The docket does not contain any entry showing the nature of the action or of the plaintiff's claim, nor does it appear that he made any complaint, either oral or written, or that the defendant made any plea or answer, nor was there any paper returned by the justice affording any information whatever in respect thereto.

The circuit court gave judgment affirming the judgment of the justice, with costs, and the plaintiff in the writ of *certiorari, Jones,* appealed.

*S. W. Pierce,* for the appellant.

*J. H. Rogers,* for the respondent.

Pinney, J. The return wholly fails to show that the justice had jurisdiction to render judgment against the defendant. The jurisdiction of a court of general jurisdiction will be presumed until the contrary appears; but justices' courts are courts of inferior and limited jurisdiction, and jurisdiction must appear, both as to person and subject matter, upon the face of their proceedings, and will not be presumed. This is so well understood that citation of authority to support it is unnecessary. It is a proposition as old as the law itself. Whether the subject matter of the trial before the justice was slander, libel, malicious prosecution, or false imprisonment, of which he could not have jurisdiction, or whether it was upon contract or other cause of action where the amount claimed was less than $200, as specified in sec. 3572, R. S., of which a justice would have jurisdiction, does not appear even by inference. The record is absolutely silent

on the subject.   The statute (sec. 3574, subd. 4) requires the justice to enter upon his docket, " where the pleadings are written, a brief statement of their nature and reference to the pleadings filed; and where the pleadings are made orally, a concise statement of the complaint of the plaintiff, the answer of the defendant, the further pleadings if any, and the issue joined."   The object of this provision is that the jurisdiction of the justice may appear upon the face of the proceedings, and to preserve the rights of the parties by showing what is adjudicated.   Jurisdiction as to the subject matter, whatever it may have been that was litigated before the justice, does not appear upon the face of this record or the proceedings of the justice.   It was necessary that the substance of the issue should appear.   *Phillips v. Bridges*, 3 Wis. 270; *Hibbard v. Bell*, 3 Pin. 190; *Smith v. Bahr*, 62 Wis. 244; 12 Am. & Eng. Ency. of Law, 504, and cases in notes.   If the necessary facts to confer jurisdiction on an inferior court do not appear in its record, its judgment will be held void, wherever it is brought in question.   Id. 148.

It was formerly the rule that in pleading or declaring on a justice's judgment it was necessary to allege the necessary facts to show that he had jurisdiction.   *Cleveland v. Rogers*, 6 Wend. 438; *Thomas v. Robinson*, 3 Wend. 267. Under this rule it would be impossible to frame from the record a sufficient declaration in an action upon this judgment.   By the present statutory rule of pleading (R. S. sec. 2673), it is not necessary to state the facts conferring jurisdiction; but such judgment may be stated " to have been duly made or given," and if the allegation is controverted the party pleading " shall be bound to establish on the trial the facts conferring jurisdiction."   In an action on this judgment under this rule the plaintiff would necessarily be defeated, for the record would not support such an allegation.

The respondent relied on *Coffee v. Chippewa Falls*, 36 Wis. 121, and *Baizer v. Lasch*, 28 Wis. 268, to show that the fail-

ure to enter a brief statement of the complaint in the docket was not fatal to the jurisdiction, and it would be presumed that there were pleadings filed, and that the defendant waived all irregularities by going to trial. The case of *Henckel v. W. & W. Mfg. Co.* 51 Wis. 363, shows that the want of jurisdiction as to subject matter could not be waived, even by express consent. In *Coffee v. Chippewa Falls, supra,* there was a written complaint, as appears from the opinion of the court, and the printed case shows that the docket entries of the justice referred to it, that a demurrer to the entire complaint was overruled, and afterwards a second demurrer to a part of it, and that the defendant refused to put in an answer. The complaint was returned to the circuit court, where the judgment was affirmed, but was not transmitted to this court on the appeal. This court did not indulge in any presumption that the judgment of the justice was valid, but did act upon the presumption that the judgment of the circuit court,— a court of general jurisdiction,— given upon the entire record, with the complaint before it, was rightly given. In *Baizer v. Lasch,* 28 Wis. 268, the action was commenced by attachment, and the affidavit showed the nature and amount of the plaintiff's claim. The objection was that no bill of particulars had been filed, as required, and that the judgment rendered, for $23.70, exceeded the amount of the plaintiff's claim. It was rightly held that these objections were not jurisdictional.

For the reasons above stated, the judgment of the circuit court is erroneous.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded to that court with directions to reverse the judgment of the justice of the peace.