DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF WYOMING

[APRIL TERM, 1906.]

## POINTER v. JONES.

JUSTICE COURTS—TRIALS—JURY TRIAL—DISAGREEMENT OF JURY—
CALLING NEW JURY—DOCKET ENTRIES—CONSTRUCTION—EXCEP-
TIONS—JURISDICTION—RECORD—SUMMONS—WRITTEN PLEADINGS—
APPEARANCE—APPEAL AND ERROR—COSTS—ATTORNEY FEES.

1. Where a jury called to try a civil case in the court of a
   justice of the peace are discharged upon their failure to
   agree upon a verdict, it is the right and duty of the justice
   to pay them their fees with the advance jury fee deposit,
   unless such fees are otherwise paid by the party who de-
   manded jury trial.

2. Where, upon the discharge of a jury for failure to agree on
   a verdict in a justice's court, their fees are allowed to be
   paid by the justice with the jury fee deposited in advance
   by the party demanding jury trial, such party is not entitled
   to have another jury summoned to try the case, without a
   new demand, or at least a new deposit of jury fees; and,
   in such case, where no new demand or deposit is made,
   the justice becomes authorized to hear and determine the
   cause without a jury.

3. Although an entry on the docket of a justice of the peace
   stating that the jury called to try the case, after being out
   three hours, returned a verdict of disagreement, and were

thereupon discharged, is inaccurate as to the action of the jury, it is sufficient to show that the justice was satisfied that the jury could not agree upon a verdict after having been out a reasonable time, and sufficient to authorize the jury's discharge.

4. Any error of a justice of the peace in a civil case in discharging a jury for inability to agree on a verdict cannot be considered on error, in the absence of a bill of exceptions showing an exception to the order at the time.

5. It is sufficient on error if the jurisdiction of a justice of the peace appears from the entire record; and where plaintiff has filed a written petition at the commencement of the case, stating a cause of action, and claiming an amount within the jurisdiction of the justice, and such petition is referred to by an entry in the docket as setting forth the plaintiff's cause of action or demand, the absence in the docket of a more definite statement of the nature and amount of plaintiff's claim is not ground for reversal of the judgment.

6. A written petition filed in a civil case before a justice of the peace stating the plaintiff's cause of action is a part of the record in the case, and it may be consulted to ascertain whether the case is one within the jurisdiction of the justice, where the judgment is assailed on error for want of jurisdiction.

7. An objection that a justice of the peace, in a civil case, failed to enter in his docket the particular nature of the process issued is not available to a defendant in a proceeding in error brought to reverse the judgment rendered in the case, who appeared in the action and filed an answer, without objecting to the summons.

8. The failure of a justice of the peace to make reference in his docket to a written answer filed by the defendant, as required by Section 4341, Revised Statutes, is not jurisdictional error.

9. Docket entries of a justice of the peace are entitled to receive a fair and reasonable construction.

10. Preceding the entry of the trial and judgment, the following entry appeared in the docket of a justice of the peace: "Oct. 31, 1904, 10 o'clock a. m. Case called. After waiting one full hour, defendant came not, but made default. Plaintiff appeared in person and attorney." *Held*, on error, that the entry was not objectionable as showing plaintiff's appearance after the expiration of the hour, but was to be

construed as showing such appearance at the time appointed for the trial, and that the entry was sufficient to show the authority of the justice to hear the proof of the plaintiff who was present and render judgment.

11. The failure of the district court, upon the affirmance on error of a judgment of a justice of the peace, to either award execution out of the district court or to order the clerk thereof to certify the decision to the justice, as required by Section 4271, Revised Statutes, is not a sufficient ground for a reversal on error in the Supreme Court of the judgment of affirmance.

12. The taxation of an attorney fee as part of the costs in favor of defendant in error is denied on the ground that there was reasonable cause for the proceeding in error, and that the case, therefore, came within the exception contained in Section 4250, Revised Statutes, as to such costs.

[Decided June 12, 1906.]                    (85 Pac., 1050.)

ERROR to the District Court, Sheridan County, HON. CARROLL H. PARMELEE, Judge.

The material facts are stated in the opinion.

*M. B. Camplin,* for plaintiff in error.

The jurisdiction of a justice of the peace is dependent, first upon the nature of the subject matter, and, second, upon the amount involved, or claimed, and, third, upon both. (Const., Sec. 22, Art. V; R. S., Secs. 4323, 4324.) Such jurisdiction is purely statutory, and the statute must be strictly construed; jurisdiction cannot be extended by implication. (18 Ency. L. (2d Ed.), 17, 2, 36 and 37.) There is no presumption in favor of jurisdiction, where the record does not disclose it. (Id.; 17 id., 1082, 1084.) And the record must show jurisdiction. (12 id. (1st Ed.), p. 429; 12 Ency. Pl. & Pr., 750, 750.) Subdivision 4 of Section 4330, Revised Statutes of 1899, is designed for the purpose of disclosing the jurisdiction of the justice over the subject matter, wherein the justice is required to enter in his docket a brief statement of the nature of the plaintiff's demand and the amount claimed, and he is also required to enter in

his docket (Subdivision 2) the particular nature of the process issued; a compliance with which discloses the jurisdictional fact. And a judgment thereon may be a bar to another action. An examination of the record of the justice from beginning to end does not show the nature of the action or of plaintiff's demand, or the amount he claims, or either.

The justice court being a court of inferior and limited jurisdiction, it is held, in nearly all the states, that when it attempts to act, jurisdiction must appear upon the record kept of its action. (Com. v. Fay, 126 Mass., 235; Storm v. Adams, 56 Wis., 137; Graver v. Fehr, 89 Pa. St., 460; Clange v. Hodgson, 6 Minn., 329; White v. Thompson, 3 Ore., 115; Bensen v. Dyer, 69 Ga., 190; Barnes v. Holton, 14 Minn., 357; Mudge v. Yaples, 58 Mich., 307; Brahmstead v. Ward, 44 Wis., 591; Rohrbough v. Reed, 57 Mo., 292; Allen v. Jackson, 86 N. Car., 321; Kane v. Desmond, 63 Cal., 464; Haggard v. R. Co., 63 Mo., 302; Murfree's Justice Practice, Sec. 108; 12 Ency. Pl. & Pr., 671, 669.) The Legislature certainly has the right to make the requirements as set forth in Section 4330, and when made to have them enforced by the courts, and effect given them, as any other statute. (Clendenning v. Guise, 55 Pac., 447.)

The doctrine of presumptions in favor of the regularity of the proceedings of courts of general jurisdiction does not apply to courts of inferior and limited jurisdiction. (Mueller v. Plue, 45 Neb., 705; State v. Berry, 12 Ia., 60; Goodrich v. Brown, 30 Ia., 291; McCurdy v. Braughman, 1 N. E. (O.), 93; Hargis v. Morse, 7 Kan., 340; 12 Ency. L. (1st Ed.), 274.) Therefore, it must appear in the record of the justice in order to give him jurisdiction, that the cause of action is one other than a suit concerning the boundaries of or title to real estate; and that the demand does not exceed $200. Here the record shows neither, and hence cannot constitute the basis of a valid judgment, and without the aid of other evidence, it cannot be known what it is for; and it would not be a bar to another action. But a more serious

jurisdictional defect, and one which alone invalidates the judgment finally rendered in the case by the justice, and deprived him of any right to enter the judgment entered, is presented by the record itself relating to the discharge of the jury which tried the case, upon what the record shows and does not show concerning the same. The proceedings with reference to a jury before a justice are purely statutory, and must be strictly complied with. (Brisbane v. McComber, 56 Barb., 375; Becker v. Sitterly, 58 How. Pr., 38.) The only verdict the jury can render is one for the plaintiff or for the defendant. And the court has no jurisdiction to accept any other verdict. An examination of the record discloses that the jury did neither, but, on the contrary, "After being out about three hours the jury returned the verdict of disagreement, which was accepted by the court, and the jurors given $1.00 each and discharged." I do not find any provision in our statute for the jury to return a verdict of disagreement, or any such thing known as "a verdict of disagreement." By reason of this fact alone the judgment is not voidable, but void, an absolute nullity. To reason otherwise would be to say that a jury could retire to deliberate on their verdict, and, without regard to time, "agree to return a verdict of disagreement," and thus quickly dispose of the case. No inference is permissible here, and if it was the record shows for itself.

The justice has no power to discharge a jury, unless "he shall be satisfied the jury cannot agree on their verdict." This is imperative, jurisdictional, and must be entered on his record, to warrant such discharge. (Sub-Div. 12, Sec. 4330, R. S., and Sec. 4376.) And even if he be so satisfied, and it be so entered upon the docket, as a jurisdictional fact, and a warrant and authority for such acts, still he is wholly without jurisdiction to discharge the jury until the jury has been out a reasonable time. (Sec. 4376, R. S. Wyo. 1899, and Sec. 4328.) Two or three hours' consultation by a jury is not sufficient to justify their discharge because they cannot agree upon their verdict.

(Gulick v. Van Tilburgh, 1 Harr. (N. J.), 417.) There is in the record here nothing to show that the justice was satisfied the jury could not agree on their verdict, nor can it be presumed from his acceptance of "the verdict of disagreement." Moreover, the justice failed to issue a new venire, and the parties did not consent that the justice may render judgment. (R. S. Wyo. 1899, Sec. 4376.) Just what became of the case from 9:30 o'clock a. m., October 8th, 1904, when the case was called and a jury obtained and sworn, or what became of the jury until 3 o'clock in the afternoon of that day, the record fails to disclose; but we do learn from the record that at 3 o'clock in the afternoon of said day the case was called for trial, and was tried, but the record fails to show whether the same was tried by the jury or justice; and the record even fails to show that the jury was even present at the said trial, or what became of the jury after the morning session after they had been sworn, there being no record of the adjournment or to the hour of time the case was called for trial at 3 o'clock in the afternoon of said day. (Sub-Div. 5, Sec. 4330, R. S.)

The record discloses that on the 31st day of October, 1904, the justice proceeded with the case after he had lost jurisdiction. The defendant appeared not at all; and the plaintiff did not appear until after the justice had waited a full hour from the time the case was set for trial. The justice had absolutely no jurisdiction to enter any judgment. It was an adjourned day of the case. Even if it were on the return day of the summons, the record of the justice must show that the plaintiff appeared within the hour given for the parties to appear on the return day of the summons. But the record shows that on the adjourned day there was no appearance by either party until after the justice had waited one full hour. Where there is no appearance by the defendant, the docket of the justice must show affirmatively that the plaintiff appeared within one hour of the time named in the summons, or jurisdiction is

lost. (Mudge v. Yaples, 25 N. W., 297; Post v. Harper, 28 N. W., 161; Muller v. Plue, 45 Neb., 701; Newcomb v. Trempealeau, 24 Wis., 459; Briggs v. Tye, 16 Kan., 292; Sagendorf v. Shult, 41 Barb., 102.) It is elementary, of course, that if the justice had no jurisdiction, then the District Court had no jurisdiction; and the judgment of the District Court is void, for that reason.

The findings of the justice are wholly insufficient to warrant, sustain or support the judgment. There is no finding that the defendant is indebted to the plaintiff in any sum, or that the damages sustained have not been released or discharged, or paid. The findings are wholly insufficient to sustain the judgment, and for such reason the same is void.

The judgment of the District Court is insufficient, as it does not meet the requirements of the statute. The plaintiff in error gave a bond under Section 4263 of the statute upon the removal of the case from the justice court to the District Court; the authority of the justice ended upon such removal to the District Court; and as a general proposition could revive only when, if ever, it returns under an order remanding the case. The judgment does not comply with Section 4271, Revised Statutes, as to certifying the decision of the justice. (Counsel cited the following cases in a reply brief upon the general question that the jurisdiction of a justice must appear by the entries in the docket: Goldstein v. Brew. Co., 62 Neb., 728; State ex rel. v. Laurandeau, 53 Pac., 538; 2 Current Law, 665; Garret v. Murphy, 102 Ill. App., 65; McLain v. Davis, 18 L. R. A., 635; Muller v. Plue, 45 Neb., 701; Purdy v. Law, 94 N. W., 182.) And insisted that the fact of plaintiff's appearance on the day of the judgment clearly appeared, by the docket entry, to have occurred after the hour fixed for such appearance.)

*Burgess & Kutcher,* for defendant in error.

It is conceded that, unless the justice had jurisdiction, the District Court had none; and also that no presumptions

as to the jurisdiction of the justice are to be indulged. But there is a distinction, which opposing counsel ignores, between matters of jurisdiction and reversible errors. The justice clearly had jurisdiction, because the case is one for personal injuries and the amount in controversy is $195. (Const., Art. 5, Sec. 22; R. S. 1899, Sec. 4323.) The "amount in controversy" means the amount claimed. (1 Ency. Pl. & Pr., 705.) The petition setting forth the nature and amount of the claim was duly filed, and is referred to in the justice's docket, as required by Section 4341, Revised Statutes. By such reference, the petition is a part of the docket, and it clearly shows jurisdiction of the subject matter. There was also jurisdiction of the person of the defendant. He appeared and moved for a continuance, and, after the discharge of the jury, he agreed in open court to a retrial on October 31, as shown by the docket. The case was tried on that day. A general appearance waives all defects of process. (2 Ency. Pl. & Pr., 644-646.)

Is the jurisdiction of the justice defeated, or his judgment invalidated, because of the failure of the docket to show the nature and amount of the plaintiff's claim, or the particular nature of the process issued, or any reference to the answer filed in the case by the defendant? If the statutes requiring such entries are mandatory, there might be some question as to the validity of the judgment. But the courts hold that they are not mandatory, but merely directory, and the omission of such matters from the docket does not necessarily affect the jurisdiction of the justice, or the regularity of the judgment. (12 Ency. Pl. & Pr., 697, 749 (Note 3), 752; Behymer v. Nordloh (Colo.), 21 Pac., 37; Bacon v. Bassett (Wis.), 19 Wis., 54; Muster v. Russell (Minn.), 54 N. W., 935; Baker v. Brintnall (N. Y.), 53 Barb., 188; Nett v. Serve (Wis.), 28 Wis., 663; Baker v. Baker, 70 Mo., 134.) Moreover, when it affirmatively appears that the justice had jurisdiction of the subject matter and of the parties, the same presumptions are indulged as to the regularity and validity of the pro-

ceedings as are extended to courts of record. (12 Ency.. Pl. & Pr., 673, 753; 2 Ency. Pl. & Pr., 451, 486; Bacon v. Bassett, 19 Wis., 54; Sullivan v. Hall (Mich.), 13 L. R. A., 556; Cook v. Hester (Neb.), 32 N. W., 72; Mathews v. Ripley (Wis.), 77 N. W., 718; Freeman on Judgments (4th Ed.), Sec. 53-53a.)

While no reference is made in the docket to the defendant's answer filed in the case, this certainly would not be prejudicial error. The answer was in fact filed and remains among the files, and the most that could be made of such omission is that it constitutes error without prejudice. The same is true of the omission of the docket to show the particular nature of the process issued. Besides, appellant waived all defects of process by his general appearance. And as to the omission of the docket to show that the case was not one where the title or boundaries to real estate were in dispute, it is sufficient to say that by virtue of Section 4341 of the Justice Code the petition referred to in the docket is part of the docket, and, therefore, the nature of the action clearly appears. Furthermore, the judgment itself shows that the dispute in no wise affects real estate.

No objection or exception whatever was made by counsel for appellant at the time the jury were discharged. He did not direct the attention of the justice to the "irregularity," if such it was; nor did he object in any way. In fact he acquiesced in this "verdict of disagreement" by standing silently by and letting the justice receive the same and discharge the jury without objecting, and thereafter agreeing in open court to try the case again at a stated time. We think that the entry of the justice shows with sufficient clearness that the jury could not agree, and that he was "satisfied" that an agreement was hopeless. The language of the justice might have been more precise and accurate; but technical precision and accuracy in the form of the entries in a justice's docket is not required. A reasonable certainty is all that is required, and the entries will be lib-

erally construed. (12 Ency. Pl. & Pr., 749; State v. Myers, 70 Minn., 179.)

Counsel further contends, it seems, that on October 31, 1904, at the time appointed by agreement of the parties to try the case, the justice should have called a jury to try the same, as a jury was asked for originally. And this, even though defendant failed to appear at the appointed hour. And in support of that contention he cites .Section 4376. But he overlooked the last sentence in Section 4382, which provides: "If the new trial be granted, or the jury be unable to agree, the proceedings shall be in all respects as upon the return of the summons."

As to the point that the justice's docket is defective by reason of certain omissions in relation to detail in the proceedings, the record shows very clearly the steps in the case before the justice. If counsel had desired to avail himself of the alleged irregularities, he should have seen to it that the docket entries were properly made so as to set forth the matters excepted to.

The point that the plaintiff did not appear within the statutory hour on October 31, 1904, and that, therefore, the justice lost jurisdiction of the case, is not sustained by the record. Counsel insists that because the sentence showing the appearance of plaintiff follows the sentence showing the default of defendant, the plaintiff necessarily appeared after the statutory hour. Such reasoning is unsound. The sentences are independent, and the order in which one should follow the other is a mere matter of taste. Justice's dockets are often, if not generally, written up after the trial of the case is over, when less excitement prevails and more time can be taken for the same; and while it might serve a useful purpose to have the proceedings written up in chronological order, at the time the things recorded occurred, the law nowhere requires it. In the matter of docket entries, a reasonable certainty is all that is required, and the same will be construed liberally. The docket entry in this particular is clear, and its language is far more ac-

curate than the great majority of similar entries made by justices of the peace.

Counsel criticises the form of the judgment. A general finding for either plaintiff or defendant is sufficient. (Sec. 3660 of the Civil Code obtains by virtue of Sec. 4328 of the Justice Code; Crossley v. Steele, 13 N. W., 175; Coad v. Read, 66 N. W., 1002; Nett v. Serve, 28 Wis., 663; Rhodes v. Thomas, 48 N. W., 886; 12 Ency. Pl. & Pr., 735.)

As to the point that the judgment of the District Court affirming the judgment of the justice is insufficient, it is sufficient to say that such judgment of the District Court is in form substantially like the approved form found in Maxwell's Justice Practice (7th Ed.), page 237, except that part requiring the judgment to be certified to the justice. And in view of the fact that the judgment of the justice had been transcripted to the District Court, there was no need to certify the said judgment of the District Court to the justice. This fact is outside of the record, perhaps, but, assuming the fact to be true, how can appellant, in the nature of the case, show prejudice from such omission? This judgment certainly complies with Section 4271, Revised Statutes, 1899.

We will concede that a judgment may be attacked any time for want of jurisdiction of the court which rendered it, and that where such jurisdiction is wanting the judgment is void. But errors not jurisdictional occurring in the proceedings of a justice must be excepted to and must prejudice the substantial rights of the appellant to warrant the reversal of the judgment. (Rev. Stat. 1899, Secs. 4384, 4495; Maxwell's Justice Pr. (5th Ed.), pp. 269, 171, 174; 8 Ency. Pl. & Pr., 163; 2 id., 499; Dillon v. Russell, 5 Neb., 484; Degering v. Flick, 16 N. W., 824; Dye v. Russell, 40 N. W., 416; Clendenning v. Guise, 8 Wyo., 97.)

The justice court is instituted for the purpose of giving speedy and inexpensive justice to litigants whose disputes come within its jurisdiction. It is not intended, manifestly,

that lawyers, learned in the intricacies and technicalities of the law, should be elected to such an office, because no particular qualifications of learning are prescribed. But if every paper and docket entry of a justice were severely scrutinized and strictly construed, then few justices of the peace would be able to conduct proceedings and render a judgment that would stand the test of an error proceeding, and the efficiency of that office would be practically destroyed.

POTTER, CHIEF JUSTICE.

This action was originally brought before a justice of the peace in Sheridan County by R. D. Jones against Charles W. Pointer, and a judgment was rendered in favor of the plaintiff. For the purpose of obtaining a review of the judgment, the defendant filed a petition in error in the District Court sitting within and for said county, and that court, upon a hearing, affirmed the judgment. From that judgment of affirmance the cause is brought to this court on error.

A final judgment of a justice of the peace may be taken to the District Court of the county either by appeal or by proceedings in error. (Rev. Stat. 1899, Sec. 4397.) And in all cases tried by or without a jury before a justice of the peace either party may except to the opinion of the justice upon any question of law arising during the trial of the cause; and when either party shall allege such exception, the justice is required to sign and seal a bill containing such exceptions, if truly alleged, with the point decided so that the same may be made part of the record in the cause. (Id., Sec. 4384.) There is no bill of exceptions in the record, nor does it appear that any exception was taken to any ruling of the justice of the peace. Hence, the petition in error filed in the District Court did not present for consideration any ruling or decision of the justice to which, as a condition precedent to its review on error, an exception duly preserved by bill would be required.

But the plaintiff in error challenged by his petition in error the judgment rendered by the justice upon the ground, among others, that it was rendered without jurisdiction, as shown upon the face of the record. And we are not prepared to hold that such an objection apparent upon the record may not be presented by petition in error without a bill of exceptions, or that error, if any, manifest upon the ·face of the judgment of a justice of the peace, is not reviewable on petition in error without a bill, or even in the absence of an exception to the judgment. Without specifically deciding that question, it may be conceded for the purposes of this case that an error of the character mentioned is reviewable in the District Court on error without a bill; for we are convinced that the record discloses no error, jurisdictional or otherwise.

The docket of the justice discloses the following particulars: October 3, 1904, the plaintiff, by his attorney, filed a petition setting forth his cause of action against the defendant, and summons was issued forthwith and placed in the hands of the sheriff for service, directing the defendant to appear and answer October 7, 1904, at 2 o'clock p. m. October 4, 1904, summons was returned by the ·sheriff, properly endorsed and filed, showing due service upon the defendant October 3, 1904, at 4:40 p. m. October 7, 1904, at 2 o'clock p. m., the cause was called, all parties being present, and the cause was continued to October 8, 1904, at 9:30 a. m., on motion of the defendant, with the consent of the plaintiff. October 8, 1904, at 9:30 a. m., the cause was called, all parties being present; and defendant made application for jury and deposited six dollars cash for same. The docket then recites the drawing, impaneling and swearing of the jury, and that at 3 o'clock p. m. of the same day the case was called for trial, all parties being present and represented by attorneys; that witnesses were examined, the cause argued to the jury by the attorneys for the respective parties, at the close of the testimony, and submitted to the jury for a verdict, whereupon a bailiff

was sworn to take charge of the jury; and that, "after being out about three hours, the jury returned a verdict of disagreement, which was accepted by the court, and the jurors given $1.00 each and discharged. This case is now set for trial, by agreement, on October 31, 1904, at 10 o'clock in the forenoon at this office." An entry appears in the docket as follows: "October 31, 1904, 10 o'clock a. m. Case called. After waiting one full hour defendant came not, but made default. Plaintiff appeared in person and attorney, Charles A. Kutcher. R. D. Jones duly sworn to tell the truth, the whole truth and nothing but the truth, and testified in his own behalf. From the evidence the court finds that the plaintiff, R. D. Jones, has sustained damages at the hands of Charles W. Pointer, defendant, equal to the sum of $195. It is now, therefore, ordered and adjudged by this court that the plaintiff, R. D. Jones, have and recover from defendant, Charles W. Pointer, the sum of $195, together with the costs of this action herein taxed at $25.85."

Among the papers in the case returned by the justice to the District Court appears a verified petition of the plaintiff in writing filed in the office of the justice October 3, 1904, a written and verified answer filed by the defendant with the justice October 8, 1904, and plaintiff's reply in writing filed with the justice on the same day. The petition shows that the action was brought to recover damages in the sum of $195 for personal injuries inflicted upon the plaintiff by the defendant. The answer contains a general denial, and a separate defense alleging that as to the matters charged against the defendant in the petition he acted in self-defense and was justified in the acts charged. The reply denies generally the allegations of the special defense set up in the answer.

Upon the facts appearing by the record as aforesaid, it is contended that, as a jury had been demanded by the defendant and the jury fee deposited, the justice was without jurisdiction to try the cause without a jury, notwith-

standing that a jury had once been called to try the cause
and had been discharged upon their disagreement to whom
the deposited jury fee had been paid, and notwithstanding
the defendant's failure to appear at the time set by agree-
ment for another trial.   In the first place, in respect to this
contention, we are not clear that the failure or refusal of a
justice in any case to call a jury upon a demand therefor
would be jurisdictional error, or that the point could be
raised on error without first presenting, the objection in
some form to the justice and preserving an exception to
his ruling thereon.   In this case it seems that the question
was attempted to be raised by a motion to vacate the judg-
ment which was filed with the justice more than five months
after the judgment was rendered, and after the filing of the
petition in error in the District Court; but it does not ap-
pear that the motion was ever acted on by the justice, or
even presented to him for consideration, otherwise than by
its mere filing.   Waiving the question thus suggested, we
are satisfied that the circumstances disclosed by the record
did not entitle the defendant to a trial by jury on the day
when the case was finally tried and the judgment com-
plained of rendered.

It is provided by Section 4376, Revised Statutes of 1899,
that whenever the justice shall be satisfied that a jury sworn
in any cause before him, after having been out a reasonable
time, cannot agree on their verdict, he may discharge them
and issue a new venire, unless the parties consent that the
justice may render judgment.   Counsel for plaintiff in
error relies upon that provision and contends that after a
jury has been demanded and the jury fees deposited the
justice is deprived of power to render judgment without
the verdict of a jury, unless the parties consent thereto, and
that in such case where a jury to whom the case has been
submitted are discharged upon their disagreement, the only
authority of the justice in the premises, unless the parties
consent otherwise, is to issue a venire for another jury,
without a renewed demand for a jury or the further deposit
of jury fees.

The section relied on must, however, be read and construed in connection with succeeding sections of the same chapter. In Sections 4381 and 4382 provision is made for granting a new trial upon certain grounds after the verdict of a jury; and the last clause of Section 4382 reads as follows:

"If the new trial shall be granted, *or the jury be unable to agree,* the proceedings shall be in all respects as upon the return of the summons."

Section 4383 is as follows:

"Upon the verdict being delivered to the justice, and before judgment being rendered thereon, each juror shall be entitled to receive one dollar, which shall be taxed in the cost bill against the losing party. When the jury shall be unable to agree upon a verdict, the same compensation shall be paid them by the party calling the jury, and the same shall be taxed in the cost bill against the losing party."

Section 4375, which authorizes a jury trial, provides that, after issue be joined, either party may demand that the action be tried by a jury of six persons, on first paying to the justice the jury fees in advance.

Construing these several provisions together, we think it is not difficult to arrive at a clear understanding of their meaning and effect. It should be remembered that jurors in civil cases before justices of the peace are not paid by the county as are jurors in district courts; and the only provisions for the payment of their fees are those above mentioned. It is clear that the jury fees required to be paid in advance to perfect the demand for a jury in the justice's court are the fees for a single jury, viz: six dollars. When the jury shall be unable to agree, it is the duty of the party calling them to pay their compensation, and he may no doubt do so without resort to the fees deposited, allowing the latter to remain with the justice for another jury; and in such case the justice might and probably should summon another jury, unless the parties consent

that he may render judgment.  Where, however, the party calling the jury fails to pay them upon their disagreement, but allows the justice to use the deposit for that purpose, which would clearly be his duty in such case, another deposit would be necessary to require the calling of another jury.  The provision of Section 4382, that if the jury be unable to agree the proceedings shall be in all respects as upon the return of the summons, seems to contemplate the necessity of a demand of another jury if one be desired; though doubtless such a demand should be understood as made where the party himself pays the disagreeing jury, leaving the advance deposit intact in the hands of the justice.

In the case at bar it does not appear that the defendant paid the fees of the jury otherwise than by permitting the justice to pay them with the money deposited, nor is it contended that he did pay them except in that manner; and it became the duty of the justice to pay their fees, as we understand from the record he did, by using the advance deposit for that purpose.  A new demand, or at least a new deposit of jury fees, was necessary to entitle the defendant to another jury trial.  No such demand or deposit having been made, the justice was authorized to hear and determine the cause without a jury.

It is next objected that the docket entries are insufficient to show a disagreement of the jury.  The entry is, of course, inaccurate in stating that the jury returned a verdict of disagreement instead of reciting their inability to agree upon a verdict; but we think the meaning is evident, and that the entry is sufficient to show that the justice was satisfied that the jury could not agree upon their verdict, after having been out a reasonable time, and is sufficient to authorize the jury's discharge.  Further than that, any error in discharging the jury could not be considered in the absence of a bill of exceptions showing an exception to the order at the time.

It is further contended that the judgment is void upon its face, for the reason that the justice failed to enter in his docket "a brief statement of the nature of the plaintiff's demand, and the amount claimed," as required by Section 4330, Revised Statutes of 1899; and it is insisted that in consequence of such failure the jurisdiction of the justice over the subject matter of the action is not shown. While it is true that there is no specific statement in the docket of the nature and amount of plaintiff's claim, there is an entry in the following words on the date of the commencement of the suit: "Comes now plaintiff by his attorney, Charles A. Kutcher, and for a cause of action against defendant complains and alleges as is set forth by plaintiff's petition already filed in the case." Conceding that the record of the justice should show jurisdiction, and that a failure in that respect would authorize a reversal of the judgment, it is clearly sufficient on error if the jurisdiction appears from the entire record. And where, as in this case, plaintiff files a written petition at the commencement of the case, stating a cause of action, and claiming an amount, within the jurisdiction of the justice, and such petition is referred to by an entry in the docket as setting forth the plaintiff's cause of action or demand, the absence of a more definite statement by docket entry of the nature and amount of plaintiff's claim is not in our opinion ground for reversal. (Straley v. Payne, 43 W. Va., 185; Missemer v. Trout, 17 Pa. Co. Court, 317; Coffee v. Chippewa Falls, 36 Wis., 121; Baizer v. Lasch, 28 Wis., 268; Campbell v. Babbitts, 53 Wis., 276; Jones v. Hart, 90 Wis., 199; Plank Road Co. v. Parker, 22 Barb., 323; 12 Ency. Pl. & Pr., 753-754.) The petition is a part of the record of the case and it is not perceived why it may not be consulted to ascertain whether the case is one within the jurisdiction of the justice, where the judgment is assailed on error for want of jurisdiction.

The objection that the justice did not enter in his docket the particular nature of the process issued is not warranted

by the facts. An entry in the docket states that summons was issued directing defendant to appear and answer at a certain time stated in the entry, and a summons is a writ specially provided for by the statute. But that objection would not in any event be available to the plaintiff in error, since he appeared to the action and filed an answer, without objecting to the summons. The failure of the justice to make reference in his docket to the written answer filed by the defendant as required by Section 4341, Revised Statutes, is not, in our opinion, jurisdictional error. The answer was in fact filed, and returned as one of the papers in the cause.

It is earnestly contended that the judgment of the justice is void on the ground that the docket of such officer does not show affirmatively that the plaintiff appeared at the time the cause was set for the second trial, or within one hour thereafter. The statute provides that "if either party shall fail to appear within one hour after the time specified for the return of the process, or after the hour of adjournment, the justice shall dismiss the suit, or proceed to hear the proof of the party present, and render judgment thereon accordingly, as the case may require." (R. S. 1899, Sec. 4374.) As shown above, in the docket entry of October 31, 1904, when the cause was heard and judgment rendered, it is stated as follows: "October 31, 1904, 10 o'clock a. m. Case called. After waiting one full hour defendant came not, but made default. Plaintiff appeared in person and attorney." It is argued that this entry does not show plaintiff's appearance or presence when the case was called, or at any time within the hour thereafter, and that from all that is stated in the entry, the plaintiff may not have appeared until after the expiration of the hour. We do not think that the entry is to be so construed. Docket entries of a justice of the peace are entitled to receive a fair and reasonable construction; and while the entry in question is perhaps somewhat obscure it is, in our opinion, sufficient to show plaintiff's presence at the time

appointed for the trial, or at least within the required period thereafter. Had the entry as to plaintiff's appearance immediately followed the statement that the case was called, it seems to be admitted that it would have been sufficient. We think that the purport and effect of the entry as it stands is the same. The statement that plaintiff appeared, though following the entry of defendant's non-appearance, is to be understood as referring to the preceding entry that the case was called at 10 o'clock a. m., rather than to the expression, "after waiting one full hour," in the clause stating defendant's failure to apear. It is evident that the justice had in mind the provision of the statute above quoted, and his duty to hear the proof of the party present at the hour fixed for trial, or within the time allowed by the statute; and,. in connection with the statement of the date and hour when the case was called, the intention is reasonably clear to record plaintiff's appearanec at the appointed time. We cannot agree with counsel for plaintiff in error that the entry shows that plaintiff appeared after the justice had waited one full hour. Construing the docket entry fairly and reasonably, we think the statement that plaintiff appeared is related to the entry showing the calling of the case. Had the plaintiff as well as the defendant failed to appear after the justice had waited the full hour, it is reasonable to assume that it would have been so stated, instead of merely entering the fact of his appearance. The statement in the entry that the defendant made default is inaccurate except as applied to his non-appearance on the date set for trial. The defendant had appeared to the action and filed an answer which remained on file. He was not, therefore, in default. But, having failed to appear on the adjourned day, a trial was authorized in his absence by hearing the proof of the plaintiff, who was present.

An objection is urged to the judgment of affirmance entered by the District Court on the ground that it fails either to order the clerk to certify the decision to the justice, or to award execution out of the District Court,

as required by Section 4271, Revised Statutes of 1899. That section provides that, upon the affirmance on error in the District Court of a judgment of a justice of the peace, the District Court shall render judgment against the plaintiff in error for costs of the suit, and award execution therefor; and thereupon order its clerk to certify its decision to the justice, so that the judgment affirmed may be enforced, as if such proceedings in error had not been taken; or that such court may award execution to carry into effect the judgment of the justice as if the judgment had been rendered in the District Court. In the case at bar the District Court affirmed the judgment of the justice and rendered judgment against the plaintiff in error for costs. It does not appear that an order was made awarding execution out of the District Court for the collection of the judgment rendered against plaintiff in error by the justice, or that the clerk was ordered to certify the decision to the justice. But it is not perceived that the failure of the District Court to provide for the lawful enforcement of the judgment affirmed can be regarded as either vitiating the judgment of affirmance or as prejudicial to the rights of the plaintiff in error in the present proceeding, which is a mere proceeding in error for the review of the judgment.

For the reasons above stated, the judgment of the District Court affirming the judgment of the justice of the peace must be affirmed. Counsel for defendant in error ask that a reasonable attorney fee be taxed as part of the costs against the plaintiff in error, as provided in Section 4250, Revised Statutes of 1899. But we think the case should be held within the exception contained in that section, and, as therein provided, our judgment will certify that there was reasonable cause for the proceeding in error. *Judgment affirmed.*

BEARD, J., and SCOTT, J., concur.