RUDD *against* BAKER.

IN error, on *certiorari*, from a justice's court.

A motion was made on the part of the defendant, that the additional return of the justice be received.

An affidavit of the attorney for the defendant was read, stating, that until after joinder in error, he did not know that the return of the justice was incorrect. The justice also, in an affidavit, stated that the *certiorari* was delivered to him in *November* last, when he was from home, and the clerk of the attorney, who delivered it, told him the return must be made that day, and to save him trouble he had drawn a return, which he wished the justice to sign; that the justice was in haste, and had not time to examine the return particularly, nor to compare it with his minutes, but he was told that if the return was incorrect, he might amend it afterwards, and he then signed it; but he now finds the return materially incorrect.

The amendments to the return were annexed under the hand and seal of the justice, in which the material corrections were stated.

In opposition to this motion, the affidavit of *James Morse* was read, stating that he served the *certiorari*, and presented a return for the justice, drawn by the deponent, who was present at the trial, and it was substantially correct; that he read the return to the justice, who agreed it was correct and signed it; that there were blanks left, and the justice took the return home to fill them up, and the deponent called on the justice at his house, who said he had examined his minutes, and believed the return to be correct; that the justice has told him since he signed the supplementary return, exhibited on the other side, and since notice of this motion, that he did it in haste, and finds it incorrect in several particulars, and that he had made a further return, contra-

*Where a justice, after having signed a return to a certiorari, made a supplementary return; and then made another return stating that the supplementary return was incorrect, the court refused to receive the supplementary returns, and expressed their strong disapprobation of the practice of preparing returns to certiorares for justices, without their request, especially by the party, or his attorney, who sues out the certiorari.*

dicting the last; that the justice is satisfied his first return is the most correct, except in one respect, stated in this last return.

*Per Curiam.* We cannot grant the motion. The justice since he made the supplementary return annexed to the notice of the motion, has made another, and declares in that return, that the supplementary return was drawn in haste, and is incorrect, and that the first return is most correct. It is impossible to know the truth in a case in which the magistrate acts so inconsistently, and appears to be so weak in mind as to be at the power of the party who last advises him. The court have no alternative; but must reject both supplementary returns, and deny the motion; but in doing it, they express their strong disapprobation of the practice of preparing returns for a justice, without his knowledge and request, and that too by the party suing out the *certiorari.* If this case was not so extraordinary as to render any further attempt at a new return dangerous, the court would be disposed to suppress the first return altogether.

Motion denied.