THE PEOPLE OF THE ·STATE OF ILLINOIS, for the use of George T. Hoke, guardian, &c. plaintiff in error, v. JEFFERSON AMMONS, defendant in error.

### *Error to Clinton.*

In an action of debt upon a guardian's bond, for the purpose of sustaining an issue made, the appointment of a second guardian signed by a person claiming to be a Probate 'ustice and tested with a scroll, was offered in evidence. There was no certificate from him that he had no official seal, nor from the County Commissioners' Clerk of his official capacity.   A witness was called for the purpose of proving the handwriting of the Probate Justice, and that he was re^ognized and acted in that capacity, as well as that there had been no public seal provided for his office.   The Court did not permit the testimony to be given:   *Held,* that the testimony was improperly excluded, as it would have shown that he was an officer *de facto,* and as such, his acts would have been as valid and binding where the interests of third persons or the public were concerned, as if he had been an officer *de jure.*

DEBT upon a guardian's bond, in the Clinton Circuit Court, brought by the plaintiffs in error against the defendant in error, and heard before the Hon. Gustavus P. Koerner, at the May term, 1847, when a judgment was rendered for the defendant for costs.

*J. Gillespie,* for the plaintiffs in error.

It is sufficient to prove that Vernor was the Probate Justice of the Peace of Washington County *de facto.* *Pritchett* v. *The People,* 1 Gilm. 525.   The fact cannot be inquired into collaterally.

At No. 22, Appendix to the Revised Statutes, page 586, § 1 it is provided that all proceedings had before Probate Justices under the laws in reference to minors, &c. shall be good evidence in any other county.

Probate Justices may use private seals where no public seal is provided for them.   Rev. Stat. 428, § 11.

*B. Bond,* and *G. Trumbull,* for the defendant in error.

It was necessary for the plaintiff to have shown, by a certificate from the County Commissioners' Clerk of Washing-

ton County, under the seal of the Court, that Vernor was, at the time of the date of the supposed letters of guardianship, Probate Justice for that county, as the letters were offered in evidence in another county.

No private seal is attached to the paper, nor does Vernor state that he had not been provided with a public seal for said office.

The case of *Pritchett* v. *The People,* cited by plaintiff's counsel, has no application here, as it depended on a different state of case.

The Opinion of the Court was delivered by

CATON, J.* But a single question is presented by this record. Upon the trial before the Court, for the purpose of sustaining the issue presented on the third plea, the plaintiffs offered the original appointment of Hoke, as guardian, signed by Z. H. Vernor as Probate Justice of the Peace of Washington county, and tested in his name with a scroll attached. There was no certificate by the Probate Justice that he had no official seal, nor was there any certificate from the Clerk of the County Commissioners' Court that he was the Probate Justice. To obviate these difficulties, the plaintiffs offered to prove by a witness, that he was well acquainted with Vernor, and his handwriting, and at the time of said appointment and for some time before and after, he was the Probate Justice of the Peace of Washington county, and was universally recognized and acted as such, and that his signature to the letter of appointment offered was genuine, and that there was no public seal provided for said Probate Court. This evidence was ruled out by the Court and the letter of appointment rejected, to which the plaintiff excepted.

The law of 4th March, 1837, providing for the election of Probate Justices of the Peace, does not provide, nor does

*TRUMBULL, J. having been of counsel in this case, took no part in its decision.

it contemplate, that they shall have a public seal, and this letter of appointment was issued long before the passage of the law of March 1, 1845, which authorizes them to make certain certificates under such a seal. The latter law not having been in force at the time the appointment was made which was offered in evidence, can have no effect upon it. It was the original, and not a certified copy, that was offered, which was not required to be under an official seal.

There is no law making the certificate of the County Commissioners' Clerk the only evidence of the official character of the person professing to act as Probate Justice. We have no doubt it was competent to prove he was such Justice by parol, when the question arose between third persons, and that in such a case such proof is just as satisfactory as the Clerk's certificate. The proof offered would have shown that he was an officer *de facto,* and as such his acts were as binding and valid, when the interests of third persons or the public were concerned, as if he had been an officer *de jure.* The People v. *Collins,* 7 Johns. 548 ; *McIntyre* v. *Turney,* 9 do. 135 ; *Berryman* v. *Muse,* 4 T. R. 366 ; *Gilliam* v. *Reddick,* Iredell, 355 ; *Fowler* v. *Bebee,* 9 Mass. 331 ; *Lowell* v. *Flint,* 20 Maine, (7 Shepley,) 404 ; and in this Court, *Schlencker* v. *Risley,* 3 Scam. 485. Had the question arisen directly in a suit against the Justice and his right to the office involved, the rule would have been different.

In this case, it may have been true that there was some defect in his title to the office, which would have rendered it impossible to procure the certificate showing that he was an officer *de jure.* If that were so, a third party should not have been prejudiced by it. The case of *Pritchett* v. *The People,* 1 Gilm. 525, is precisely in point. Whenever the acts of an officer *de facto* are valid and binding upon the parties, then from necessity, it must be sufficient to prove that he is such officer. Any other decision would destroy the rule.

The Court erred in excluding the evidence offered to

prove that Vernor was the acting Probate Justice of the Peace of Washington county. at the time he issued this letter of appointment, for which reason the judgment must be reversed and the cause remanded.

*Judgment reversed.*