VAN SLYKE et al. v. DISBROW et al.

(Otsego County Court. May 14, 1909.)

1. JUSTICES OF THE PEACE (§ 164*)—REVIEW—RETURN—AMENDMENT—CONFLICTING AFFIDAVITS.

An appellate court cannot be required to decide as to what proceedings should be included in a justice's return, where the affidavits relating thereto are conflicting.

[Ed. Note.—For other cases, see Justices of the Peace, Dec. Dig. § 164.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. JUSTICES OF THE PEACE (§ 164*)—APPEAL—RETURN—VACATING.**

The affidavit to the return on appeal from a justice's judgment recited that it was a correct return of all the proceedings and evidence, except as to how and when objections were made; but the return itself set out a number of objections made to the issuing of a commission at the time of the application therefor. The return was not filed until more than a year after judgment, and was prepared by a clerk of appellant's attorney with the aid and consent of the justice. *Held*, in view of all the facts, that the return must be set aside.

[Ed. Note.—For other cases, see Justices of the Peace, Dec. Dig. § 164.*]

**3. JUSTICES OF THE PEACE (§ 164*)—APPEAL—RETURN—AMENDMENT.**

Where the justice's affidavit to his return on appeal stated that it was a correct return of all the proceedings and evidence, except as to how and when certain objections were made to the taking of a commission, but the return also showed a number of objections made to the issuing of the commission when it was applied for, an amendment of the return was improper, as it might be in direct conflict with the return filed.

[Ed. Note.—For other cases, see Justices of the Peace, Dec. Dig § 164.*]

**4. JUSTICES OF THE PEACE (§ 164*)—APPEAL—RETURN—STATEMENT OF PROCEEDINGS.**

The return on appeal from a judgment of a justice of the peace should state how and when objections to the issuing of a commission were made at trial.

[Ed. Note.—For other cases, see Justices of the Peace, Dec. Dig. § 164.*]

Appeal from Otsego County Court.

Action by Mary E. Van Slyke and others against Harry J. Disbrow and another. From a judgment of a justice of the peace for plaintiffs, defendants appealed, and plaintiffs move for an order to set aside the justice's return. Order granted, and return set aside.

B. W. Hoye, for appellants.

Alva Seybolt, for respondents.

KELLOGG, J. This is a motion made by the respondents for an order setting aside the return of the justice of the peace heretofore made herein, and filed in Otsego county clerk's office on the 23d day of July, 1908. This action was commenced before Clarence D. Sewell, as one of the justices of the peace of the town of Oneonta, on the 7th day of March, 1907. Thereafter, and on the 15th day of the same month, issue was duly joined. It appears that at the time of the joinder of issue the plaintiff requested that a commission might issue, and in relation to this commission a question has arisen between the respective parties as to what objections, if any, were taken in relation to the issuance of a commission, and as to when such objections were taken. The action was then adjourned until the 10th day of June, 1907, at 10 o'clock in the forenoon of that day, at which time the commission, with the interrogatories and cross-interrogatories thereto had been returned, and when the plaintiffs offered the commission in evidence there is also a dispute between the respective parties as to what objections, if any, were interposed by the defendants in relation to the reading of the said commission in evidence and as to when any such objection or objections were taken. On the 17th day of July, 1907, the justice rendered judgment in favor of the plaintiffs and against the

defendants in the action for the sum of $20.80 damages, and $5.35 costs, amounting in all to the sum of $26.15, and from that judgment the defendants have taken an appeal to this court.

No return whatsoever was filed in the clerk's office until the 23d day of July, 1908, more than a year after the entry of the judgment in the case by the justice, although section 3053 of the Code of Civil Procedure requires that after 10 and within 30 days from the service of a notice of appeal, and a payment of the costs and fee, as prescribed in section 3047, a return must be made to the Appellate Court, with a notice of appeal, and the undertaking, if any has been delivered to him or to his clerk, and the same filed with the clerk of the appellate court. Upon the 22d day of July, 1908, a copy of the justice's return, as made, was served upon the respondents' attorney. Soon thereafter, and on the 30th day of July, 1908, the appeal came on for argument, and upon such argument before the then county judge the respondents' attorney, it appears, claims to have been surprised in regard to certain objections which had been included in the return of the justice, and appearing therein as having been made by the defendants' attorney, to the issuance of the commission, and to the receipt of the commission in evidence, and stating that he had then observed the same for the first time. Later on it appears the court was requested to suspend its decision on the merits of the appeal, until the respondents were given an opportunity to make a motion for an amended return. This course appears to have been permitted, as a motion was made for an amended return, which was argued at the September term of the County Court. Proposed interrogatories were submitted on that motion by the attorney for the respondents, directed to the justice, as to whether said objections were made on the trial by the defendants' attorney. The learned county judge, in deciding that motion, says:

"That when the justice has fully answered in his original return, as in this case, all questions proposed to be submitted to him by the order, he does not believe that this court can properly grant an order. and that, if the justice should answer the proposed questions in the negative, there would be two returns contradictory to each other. That the first return must be regarded as true, which would be equivalent to holding that the justice cannot be asked to answer questions already answered, where any change must controvert his original return."

The county judge also intimates that the proper motion for the respondents to have made was that the return of the justice be set aside. This motion was made in October last to set aside the justice's return, in that the objections set out in the return of the justice were not actually made in behalf of the defendants on the trial of the action, but that they were subsequently written and handed to the justice before whom the trial was had.

After a careful examination of the facts as presented on this motion, I am not prepared to hold that, if the respondents are entitled to relief, the same could be wholly granted by an order directing an amended return. I am of the opinion that such an order, in part at least, might cause the production of an amended return in direct conflict with the return as filed, and which has been used on this motion. An appellate court may not be required, however, to make a rule as

to what proceedings should be included in a justice's return upon the presentation of conflicting affidavits in relation thereto; but there are certain facts relating to his return which appear in the several affidavits used on this motion which are uncontradicted. The justice before whom the action was tried says:

"That, at the time plaintiffs' attorney applied for a commission, no objection was made on the ground that the plaintiff had filed no affidavit as required by the Code of Civil Procedure, and that the only objection made to reading in evidence the testimony of one of the plaintiffs, Van Slyke, from the commission, was that it appeared from said commission that Frank C. Warner, the commissioner, was a notary of Rensselaer county, and not of Albany."

He also states:

"That the defendants' attorney stated in open court, and in the presence of the plaintiffs' attorney, that he, the defendants' attorney, proposed to object to every step taken by the plaintiffs that was not legal, and that upon the application of the plaintiffs for a commission that the defendants' attorney objected to the issuance of the same, and stated in open court, in substance, that he would reduce his objections to writing, and file them with deponent, said justice."

He further states that on the adjourned day of the action, and also upon the return of the commission, the defendants' attorney made the following objection to the same being read in evidence:

" 'That it appears from the said commission that the notary before whom the commission was taken was commissioned for the county of Rensselaer, and not the county of Albany, where the evidence was taken.' That he, the said justice, reserved his decision upon the admission of said commission in evidence, and did not pass upon its admissibility at the time it was offered. That the defendants' attorney then stated that he would file written objections to the reading of the commission in evidence, which objections were before me, said justice, before the rendition of said judgment, and the same are included in the return hereto. That the said return, so filed, is a correct return of all the proceedings, papers, records, and evidence in the case, so far as this deponent is able to prepare the same, except as to how and when objections were made."

In the justice's return, as filed, notwithstanding the foregoing statements made by the justice in his affidavit as presented on this motion, the following objections appear in the return as having been made by the defendants' attorney to the issuing of the commission, at the time of the application therefor:

"First. On the ground that no proper application or foundation is laid authorizing the issuing of a commission.

"Second. That the plaintiffs failed to show the materiality of the witness, upon the application for the commission, by affidavit or otherwise.

"Third. That a commission cannot issue to examine or take the evidence of a party to the action, or, in other words, plaintiff cannot bring an action, and then ask the court to come where he is and take his evidence.

"Fourth. It appears from the said commission that the notary before whom the evidence was taken was commissioned for the county of Rensselaer, and not for the county of Albany, where the evidence was taken."

If, as the justice says, the only objection taken at the time the commission was issued was that the evidence of a party to an action could not be taken in such a manner, when, as a matter of fact, were the other objections taken, which appear in this return? Were they in writing, and filed with the justice, and, if so, when were they filed? Were

the respondents or their attorney entitled to a copy of the same, if they were filed in writing at some later time, and before the rendition of judgment? Or were they given to the justice orally at some later time? Were they filed or given to the justice in time to be effective as a legal objection to the issuance of the commission after an order therefor had actually been made at the time of the joinder of issue? It may possibly appear later that these various propositions are of the utmost importance as regards the merits of the questions to be presented upon the appeal taken herein when it is argued.

It has been distinctly held that objections to a commission must be specific, and taken at the time the same was applied for. Allen v. Edwards, 3 Hill, 499. This rule is cited with approval in Bray v. Andreas, 1 E. D. Smith, 390, and in Hogan v. Baker, 2 E. D. Smith, 22, and in Alburtis v. McCready, 2 E. D. Smith, 39. If the justice states correctly in his affidavit that the only objections made to reading into evidence the testimony of Van Slyke from the commission were that it appeared from said commission that Frank C. Warner, the commissioner, was a notary of Rensselaer county, and not of Albany, before such evidence was so read, when were the remainder of the objections made? And, if they were in writing, when were they filed? I am convinced that the respondents are entitled to information as regards all of these various propositions before the argument of this appeal, to be contained in some return accurately setting forth the same. The justice says that the return as filed is correct so far as he is able to prepare the same, with the exception as to how and when the objections heretofore mentioned were actually made. Certainly, then, the return should state how and when such objections were made.

The fact also remains undisputed that the return on appeal was prepared by the clerk of the attorney for the defendants, with the aid, assistance, and consent of the justice. Owing to the long period of time which elapsed before the return was filed, it is probable that the defendants' attorney in good faith believed that he was compelled to take such a course in order to facilitate the making thereof. If so, and no abuse is shown, a return might not be set aside solely for that reason. It has been held, however, that a return will be set aside if it has been prepared or drawn by the attorney for the appellants, unless the attorney acted as a mere amanuensis. Fox v. Johnson, 3 Cow. 21; Philips v. Caswell, 4 Cow. 505. The practice is not approved in the earlier cases. Rudd v. Baker, 7 Johns. 548; Smith v. Johnston, 30 How. Prac. 374; People v. Suffolk, 18 Wend. 550.

For all of the reasons set forth, I am forced to the conclusion that the return herein, as filed with the clerk of Otsego county on the 23d day of July, 1908, must be set aside, but without costs.

Ordered accordingly.